DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
William C. Heuer, Esq.
William H. Schrag, Esq.
*wheuer@duanemorris.com*
*wschrag@duanemorris.com*

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) | Case No. 10-[__] |
| | ) | |
|     Debtor in a Foreign Proceeding. | ) | |

**EX PARTE APPLICATION FOR ORDER (A) GRANTING PROVISIONAL RELIEF AND INJUNCTION AND (B) SCHEDULING HEARING**

Maru E. Johansen, in her capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtor ("Mexicana"), whose corporate reorganization proceedings under the laws of Mexico currently are pending before the District Court for Civil Matters for The Federal District, Mexico (the "Concurso Proceeding" and "Mexican Court"), respectfully submits this application (the "Application"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"),[1] seeking:

    a.    immediate entry of an order to show cause with a temporary restraining order;

    b.    after (10) days' notice and a hearing on the Application (but only to the extent unresolved objections exist), a preliminary injunction order that will

---

[1] Unless otherwise noted herein, capitalized terms shall have the meanings ascribed to them in Mexicana's Chapter 15 Petition.

remain in place pending this Court's consideration of the Foreign Representative's request for entry of an order recognizing the Concurso Proceeding as a "foreign main proceeding";

c. scheduling of a hearing on the Application and request for a preliminary injunction; and

d. such other relief as may be just and proper.[2]

**Preliminary Statement**

1. Mexicana has commenced the Concurso Proceeding to effectuate a comprehensive restructuring that will reposition Mexicana to return to profitability, much in the way that countless Untied States air carriers have utilized Chapter 11 to improve operating performance.[3] In contrast to a typical in-court restructuring under Chapter 11, however, the automatic stay of section 362 of the Bankruptcy Code will not apply to protect Mexicana's assets immediately upon the commencement of this Chapter 15 proceeding absent entry of an order by this Court providing for such relief.

2. Thus, the Foreign Representative now seeks provisional relief between the date hereof and this Court's consideration of entry of the Foreign Representative's proposed order recognizing the Concurso Proceeding as a foreign main proceeding, and requests, among other things, that this Court immediately order the application of section 362 of the Bankruptcy Code to this Chapter 15 proceeding.

---

[2] In support of the Application, the Foreign Representative has filed contemporaneously herewith the Affidavit of William C. Heuer in Support of the Ex Parte Application (the "Heuer Affidavit"), which is specifically in support of the Application. In addition, the Foreign Representative also has filed contemporaneously herewith (i) the Foreign Representative Declaration and (ii) the Declaration of Jaime Rene Guerra Gonzalez in support of the Verified Petition for Recognition and Chapter 15 Relief (the Guerra Gonzalez Declaration"), both of which are incorporated herein by reference.

[3] *See, e.g., In re UAL Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. Dec. 9, 2002), *In re Delta Air Lines, Inc.*, Case No. 05-17923 (Bankr. S.D.N.Y. Sept. 14, 2005), *In re Northwest Airlines Corp.*, Case No. 05-17930 (Bankr. S.D.N.Y. Sept. 14, 2005); *see also In re Japan Airlines Corp.*, Case No. 10-10198 (JMP) (Bankr. S.D.N.Y.)(pending); *In re Alitalia Linee Aeree Italiane S.p.A.,* Case No. 08-14321 (Bankr. S.D.N.Y. Nov. 3, 2008).

3. Mexicana's situation is no different from that of the many U.S. airline debtors that have sought relief under Chapter 11, other than the fact that those airlines automatically enjoyed the benefits of the automatic stay. Mexicana has significant United States assets exposed to potentially adverse action by creditors and other parties located in the United States. Consequently, to prevent the detrimental impact that such action could have on their businesses and to facilitate an expeditious restructuring in the Concurso Proceeding, Mexicana requires provisional protection of a type that is not uncommon in Chapter 15 recognition proceedings. In addition, although the Foreign Representative has been given full authority by Mexicana's Board of Directors to administer Mexicana's assets in the United States, the Foreign Representative requests that the Court enter an order affirming that the Foreign Representative is authorized to administer Mexicana's assets in the United States pending the hearing on recognition.

4. Absent the relief requested herein, Mexicana could experience disruption to its restructuring and operations. The seizure of even one aircraft, for example, could disrupt Mexicana's global operations and potentially trigger or encourage the subsequent exercise of remedies by other parties. Clearly, such actions would disrupt Mexicana's restructuring in the Concurso Proceeding. Chapter 15 of the Bankruptcy Code is intended to prevent precisely those negative effects on a foreign debtor's operations and to compliment and facilitate corporate rehabilitation in a foreign debtor's home country. Therefore, and for reasons further described herein and in (i) the Foreign Representative's Declaration and (ii) the Guerra Gonzalez Declaration the Foreign Representative respectfully submits that provisional relief is urgently needed to protect Mexicana's United States-based assets and to aid Mexicana's global restructuring.

**Jurisdiction**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6. This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Concurso Proceeding under section 1515 of the Bankruptcy Code.

7. Mexicana has assets and accounts located in this District, and venue is thus proper pursuant to 28 U.S.C. § 1401(3).

8. The statutory bases for relief are sections 105(a), 1504, 1515, 1517, 1519, 1520 and 1521 of the Bankruptcy Code.

**Background**

9. In operation since 1921, Mexicana is one of the world's oldest and largest air carriers, providing air transportation, cargo, and other transportation related-services to millions of customers around the world.

10. Mexicana's passenger air transportation business is the largest in Mexico. Mexicana has a strong international presence, including operations in New York, Los Angeles, Chicago, San Francisco, Toronto, Montreal, London, Madrid, Buenos Aires, Sao Paulo, Bogota, Caracas and San Jose, among others. Mexicana's international passenger business maintains an extensive network. Mexicana's air freight business also is substantial.

11. As is set forth in (i) the Verified Petition For Recognition and Chapter 15 Relief (the "Petition") dated as of the date hereof (the "Petition Date"), (ii) the accompanying Foreign Representative's Declaration and (iii) the Guerra Gonzalez Declaration, Mexicana voluntarily

commenced a proceeding under the *Ley de Concursos Mercantiles* (the "Concurso Law") law of Mexico to effectuate a voluntary and comprehensive restructuring of its affairs.

12. To protect Mexicana's United States-based assets, the Foreign Representative has filed the Petition contemporaneously herewith, seeking recognition of her status as Mexicana's foreign representative, as defined in section 101(24) of the Bankruptcy Code, and recognition of the Concurso Proceeding as a "foreign main proceeding" under section 1515 of the Bankruptcy Code.

13. This Application seeks comparable protection to that which would be automatically provided to Mexicana upon recognition of the Concurso Proceeding as a foreign main proceeding, but on an immediate and provisional basis, with respect to potential creditor actions and interference with property located in the United States.

14. As described more fully in the Foreign Representative's Declaration, although Mexicana's primary assets are located in Mexico, Mexicana also own assets in the United States that are critical to Mexicana's ongoing operations. In addition, because Mexicana provides a substantial amount of passenger service to the United States, at any given time, a number of Mexicana's aircraft, replacement parts and equipment will be located in the United States, and thus, potentially subject to adverse action by creditors and other parties in interest.

## Relief Requested

15. Through this Application, the Foreign Representative respectfully requests that this Court, pursuant to sections 105(a) and 1519(a) of the Bankruptcy Code: (i) enter an order to show cause with a temporary restraining order, substantially in the form attached hereto as Exhibit A, ordering the application of section 362 of the Bankruptcy Code to this Chapter 15 proceeding; and (ii) after ten (10) days' notice and a hearing on the Application (to the extent unresolved objections exist), enter an order providing for a preliminary injunction pending this

Court's consideration of entry of an order recognizing the Concurso Proceeding as a "foreign main proceeding," substantially in the form attached hereto as Exhibit B. In addition, the Foreign Representative requests that a hearing be scheduled (to the extent unresolved objections exist) for argument on entry of the preliminary injunction order within ten (10) days of the Petition Date. The Foreign Representative respectfully requests, subject to the Court's review and oversight, that such temporary restraining order and preliminary injunction:

    i    establish the Foreign Representative as the representative of Mexicana with full authority to administer Mexicana's assets and affairs in the United States;

    ii    order that the protections of section 362 of the Bankruptcy Code apply to Mexicana and its assets in the United States, effective immediately;

    iii    enjoin all persons and entities from seizing, attaching and/or enforcing or executing liens or judgments against Mexicana's property and accounts in the United States or from transferring, encumbering or otherwise disposing of or interfering with Mexicana's assets, accounts or agreements in the United States without (a) an order from the Mexico Court or this Court permitting such action or (b) the express written consent of the Foreign Representative;

    iv    enjoin all persons and entities from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against Mexicana or its assets located in the United States or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against Mexicana or its assets or proceeds thereof without (a) an order from the Mexico Court or this Court permitting such action or (b) the express written consent of the Foreign Representative; and

    v    entrust the administration and realization of all of Mexicana's assets in the United States to the Foreign Representative, including all of Mexicana's assets located in the United States or which may have been transferred to third parties in the United States, subject to this Court's oversight.

**Basis for Relief**

16. Upon this Court's final recognition of the Concurso Proceeding as a "foreign main proceeding," the automatic stay provided by section 362 of the Bankruptcy Code will

6

immediately apply with respect to all of Mexicana's property that is within the territorial jurisdiction of the United States. *See* 11 U.S.C. § 1520(a)(1). However, unlike in a typical corporate reorganization case under Chapter 11 of the Bankruptcy Code, the automatic stay will not protect Mexicana's assets or businesses in the United States during the intervening period between the Petition Date and the date on which this Court enters the order recognizing the Concurso Proceeding. In recognition of the fact that a foreign debtor may suffer harm during the period between commencement of a Chapter 15 proceeding and entry of an order recognizing the foreign proceeding, section 1519 permits bankruptcy courts to grant provisional relief at the outset of a Chapter 15 proceeding. Such relief is needed here. Thus, the Foreign Representative seeks, pursuant to section 1519(a) of the Bankruptcy Code, the immediate entry an order to show cause with a temporary restraining order, as well as entry of a preliminary injunction after a hearing on the Application to preserve Mexicana's United States assets during such interim period.

## I. Mexicana Urgently Needs Relief Under Section 1519(a) to Protect Mexicana's Assets in the United States

17. Section 1519(a) of the Bankruptcy Code expressly contemplates and authorizes the type of relief sought herein, and conditions the provisional application of a stay on such relief being "urgently needed" to protect a debtor's assets. *See* 11 U.S.C. § 1519(a). Section 1519(a) specifically permits bankruptcy courts to stay execution against a debtor's assets and to permit foreign representatives to administer a debtor's assets. 11 U.S.C. § 1519(a)(1), (2). The Foreign Representative submits that Mexicana, operator of a global airline enterprise with significant assets and creditors in the United States, urgently requires protection of its United States-based assets and a stay against potential proceedings in order to facilitate its restructuring in Mexico.

The uncertainty and fear of disruption to its global operations that could be brought about absent such relief, threaten to disrupt operations and undermine the success of the Concurso Proceeding.

18. The relief offered by section 1519(a) of the Bankruptcy Code is particularly important for foreign debtors in vulnerable industries such as the airline industry. Airlines are particularly sensitive to disruptions of operations caused by creditors taking (or even threatening to take) action against a debtor's assets or business. In 2001, for instance, Swissair AG and the other entities comprising the SAirGroup encountered negative cash flow and lack of cash reserves and credit lines. In September and October 2001, Swissair's lenders began to discontinue extensions of credit, and on October 1, 2001, Swissair announced its bankruptcy. Almost immediately, creditors exercised remedies against the company, including seizure of two aircraft at London's Heathrow airport. Swissair's entire fleet eventually was grounded ultimately precipitating the company's liquidation proceedings, which continue to this day.

19. The failure of the Swissair bankruptcy illustrates the precarious nature in which Mexicana could find itself if this Court does not grant the relief requested herein. The disruption to operations caused by exercise of creditor remedies or the seizure of even a single aircraft ─ or indeed, the mere suggestion that aircraft or other critical assets may be seized ─ could undermine the trust and confidence that Mexicana's customers have in Mexicana to maintain operations during the pendency of the Concurso Proceeding.

20. The Foreign Representative submits that provisional relief (during the interim period between the Petition Date and the date on which this Court considers entry of the recognition order) including the relief normally provided to Chapter 11 debtors pursuant to the automatic stay of section 362 of the Bankruptcy Code, is urgently needed to protect Mexicana's

assets and operations in the United States.[4]  Although Mexicana's main operations and business is in Mexico, Mexicana maintains significant assets in the United States, including interests in certain real estate at (i) John F. Kennedy International Airport in New York, New York, (ii) O'Hare International Airport in Chicago, Illinois, (iii) Dallas Fort Worth Airport in Dallas, Texas, (iv) Denver International Airport in Denver, Colorado, (v) Fresno Yosemite International Airport in Fresno, California, (vi) McCarran International Airport in Las Vegas, Nevada, (vii) Miami International Airport in Miami, Florida, (viii) Oakland International Airport in Oakland, California, (ix) Orlando International Airport in Orlando, Florida, (x) Sacramento International Airport in Sacramento, California, (xi) San Antonio Airport in San Antonio, California, (xii) San Francisco International Airport in San Francisco, California, (xiii) San Jose Airport in San Jose, California, (xiv) Washington Dulles Airport in Dulles, Virginia, and (xv) at Los Angeles International Airport in Los Angeles, California.  Mexicana also has approximately 147 employees, multiple aircraft at multiple airports, and aircraft-related component parts, in the United States, at any point in time.

21.  Absent a grant of the relief requested herein, Mexicana's United States-based creditors and other parties could disrupt Mexicana's operations, including by taking actions against Mexicana's aircraft or other critical assets in the United States.  Even the mere threat of such action could undermine the confidence of Mexicana's customers and suppliers, causing Mexicana considerable distraction and loss of value as it moves forward with its restructuring in the Concurso Proceeding or worse, disrupting Mexicana's flight operations.  Such developments

---

[4] Extensive "first day" motions are routinely granted in large Chapter 11 airline cases that address many of the operational issues faced by airlines when commencing a restructuring. *See, e.g., In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG) (Bankr S.D.N.Y. Jan. 5, 2010); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (CGM) (Bankr. S.D.N.Y. Sept. 14, 2005), *In re Northwest Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005); *In re Ionosphere Clubs, Inc.*, Case No. 89-10448 (BRL) (Bankr. S.D.N.Y. Mar. 9, 1989).

9

would hinder Mexicana's ability to operate its airline business at even the most basic level, causing severe disruption to Mexicana's flight schedules and seriously damaging Mexicana's credibility in the marketplace during a time of heightened scrutiny ─ due to Mexicana's pending restructuring and the current global recession.

## II. Mexicana Satisfies the Injunction Standards Under Section 1519(e)

22. Provisional relief under Chapter 15 of the Bankruptcy Code is conditioned on the foreign representative demonstrating that a debtor meets the standards applicable to an injunction. *See* 11 U.S.C. § 1519(e). In the Second Circuit, the standard that must be met in order to obtain injunctive relief is that a movant must make a showing of (i) irreparable harm absent relief and (ii) either (a) probability of success on the merits or (b) if there is doubt as to the merits, that the balance of hardships weighs in favor of the party seeking injunctive relief. *See e.g., Tinnerello & Sons, Inc.*, 141 F.3d 46, 51-52 (2d Cir. 1998), *cert. denied* 525 U.S. 923 (1998); *Am. Cash Card v. Am. Tel. & Telegraph Corp.*, 1995 U.S. Dist. LEXIS 18880, at *4 (S.D.N.Y. 1995). Mexicana satisfies that standard here.

### A. Mexicana Faces Irreparable Harm

23. Courts generally have recognized that the chaotic dismemberment of a debtor's assets rises to the level of irreparable harm, justifying court intervention on behalf of the debtor. *See In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Indeed, the very purpose of the automatic stay is to protect the debtor "from the pressure and harassment of creditors seeking to collect their claims . . . [and to] provide[] breathing space to permit the debtor to focus on its rehabilitation or reorganization. *See* Lawrence P. King, 3 COLLIER ON BANKR. ¶362. 03 (15th ed. rev. 2009); *see also* H.R. REP. NO. 595, 95th CONG., 1ST SESS. 340 (1977) (noting that the stay "gives the debtor a breaching spell from his creditors").

24. In this Chapter 15 proceeding, however, Mexicana does not enjoy the benefits of the stay automatically upon filing the Petition. Without protection immediately upon filing of the Petition in this case, Mexicana faces the prospect of considerable harm and disruption to its operations if creditors take action against Mexicana's United States assets and business. Such action could potentially derail Mexicana's restructuring efforts in Mexico. Importantly, at least one court has noted that irreparable harm exists where the assets of a foreign estate are threatened. *See In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991).

25. As described in the Foreign Representative Declaration, if Mexicana's creditors and other parties in interest are not enjoined from taking action against Mexicana's property during this interim period, there is a risk that Mexicana's United States-based assets would be subject to actions such as seizure, attachment or execution brought by individual creditors and that assets of Mexicana's estate may be prematurely liquidated or attached. *Cf. Lines*, 81 B.R. at 270 (noting that "the premature piecing out of property involved in a foreign . . . proceeding constitutes irreparable injury"). Creditors might resort to self-help, or simply seize assets. Also, Mexicana's contract counterparties may use the Concurso Proceeding as a pretext to terminate contracts, require security deposits, tighten credit terms or otherwise harm Mexicana's business. Any adverse action like this would significantly undermine the Concurso Proceeding, causing the Foreign Representative, Mexicana's creditors and all parties in interest irreparable harm. The Foreign Representative therefore submits that Mexicana thus satisfies the first injunction standard necessary to grant Chapter 15 provisional relief as required by section 1519(e) of the Bankruptcy Code.

B. **The Balance of Hardships Weighs in Favor of Granting Protection**

26. The Foreign Representative submits that the irreparable harm Mexicana may suffer absent provisional relief significantly outweighs any harm to Mexicana's creditors and

contract counterparties caused by the grant of provisional relief. Specifically, the issuance of a preliminary injunction enjoining any actions or proceedings against Mexicana and their assets, as well as recognizing the Foreign Representative's exclusive authority to control, manage, or use Mexicana's assets, will cause minimal hardship to any persons subject to the preliminary injunction. The relief sought in this Application will, at most, run through the date of the hearing on the Application to the date of the hearing on the recognition order, at most a period of less than 30 days. Further, it should be noted that the Foreign Representative is seeking only to maintain the *status quo* in order to protect and preserve Mexicana's assets, in order to help facilitate an orderly restructuring of Mexicana's business in Mexico. Creditors can seek relief and assert claims in the Concurso Proceeding. Also, none of the relief sought by Mexicana will prevent any party from seeking relief from this Court at any time to modify the provisional relief now sought.

### C. The Likelihood of Success on the Merits is High

27. The Foreign Representative has a strong likelihood of success in obtaining recognition of the Concurso Proceeding. Indeed, as is set forth in the Petition and in the Foreign Representative's Declaration, the Foreign Representative has demonstrated that the Concurso Proceeding is a "foreign *main* proceeding" as defined in section 1502(4) of the Bankruptcy Code and that the Foreign Representative is a proper "foreign representative" of Mexicana as defined in section 101(24) of the Bankruptcy Code. Thus, the likelihood of success on the underlying merits is high. *Cf. Travellers Int'l AG v. Trans World Airlines, Inc.*, 722 F. Supp. 1087, 1096 (S.D.N.Y. 1989), *aff'd*, 41 F.3d 1570 (2d Cir. 1994) (noting the standards for permanent injunction, including that the movant likely will be successful on the merits of its claim).

### III. Mexicana Satisfies the Requirements for the Issuance of a Temporary Restraining Order

28. In addition to seeking the provisional application of the automatic stay and other relief pending this Court's recognition of the Concurso Proceeding as a "foreign main proceeding," the Foreign Representative also seeks immediate entry of an order to show cause with a temporary restraining order to protect Mexicana's business from disruption prior to the hearing on the Application.

29. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to obtain an *ex parte* temporary restraining order, an applicant must show that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." *See, e.g., TKR Cable v. Cable City Corp.*, 267 F.3d 196, 198 (3d Cir. 2001) (granting *ex parte* temporary restraining order to prohibit sale, consummation of which would have prejudiced parties in interest); *Gorman v. Coogan,* 273 F. Supp. 2d 131, 134 (D. Me. 2003) (issuing *ex pate* temporary restraining order to prevent corporation from indemnifying directors' expenses because company faced imminent bankruptcy if order was not entered).

30. Mexicana's business and assets in the United States, subsequent to commencement of the Concurso Proceeding and this Chapter 15 proceeding, are substantially exposed to adverse creditor action. As with any major airline, Mexicana's primary source of revenue is generated from use of its aircraft. Seizure of even one aircraft would harm Mexicana's revenue, disrupt flight schedules and potentially cause customers to turn to competitor airlines, thus destroying Mexicana's good will. Furthermore, if Mexicana's assets located in the United States are left unprotected, creditors would be free to exercise remedies against such assets, frustrating Mexicana's reorganization efforts in the Concurso Proceeding and

harming the value of Mexicana's estate.  Indeed, using the Concurso Proceeding as pretext, Mexicana's contract counterparties may impose more stringent credit terms, terminate contracts, seek security deposits or take other adverse action to Mexicana's business and assets.

31. Importantly, although under Mexican law once the Mexican court issues the formal commencement order a stay applies to all of Mexicana's assets and creditors, it is uncertain whether Mexicana's U.S.-based creditors would abide by or respect the stay under the Concurso Law.  And even if they would, absent relief on an immediate basis from this Court, those creditors may resort to uninformed self-help on an expedited basis in an effort to gain an advantage.  Given this uncertainty, it is imperative that Mexicana ─ and its customers, suppliers, and key creditor constituencies ─ have assurance from this Court through imposition of a stay and other relief provided under section 1519 of the Bankruptcy Code, that parties adverse to Mexicana will not be permitted take actions detrimental to Mexicana's interests without this Court's oversight.  None of the relief sought herein will prevent any creditor from seeking relief from the Mexico Court in the Concurso Proceeding.

32. The propriety of provisional injunctive and related relief in comparable circumstances, including a temporary restraining order, has been recognized in several Chapter 15 proceedings in this and other districts. *See e.g., In re Alitalia Linee Aeree Italiane S.p.A.,* Case No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 5, 2008) (order granting temporary restraining order and a preliminary injunction); *In re Namirei-Show A Co., Ltd.*, Case No. 08-1325 (BRL) (Bankr. S.D.N.Y. Aug. 22, 2008) (same); *In re Baronet U.S.A., Inc.,* Case No. 07-13821 (JMP) (Bankr. S.D.N.Y. Dec. 4, 2007) (same); *In re Afinsa Bienes Tangibles S.A.*, Case No. 07-10675 (JMP) (Bankr. S.D.N.Y. Mar. 15, 2007) (same).

33. Finally, the Foreign Representative will provide notice of the Application and the commencement of this Chapter 15 proceeding as best as possible under the circumstances to interested parties in order to provide such parties the opportunity to be heard on the Foreign Representative's request for a preliminary injunction.

34. Based on the foregoing and on the facts described in the Foreign Representative's Declaration, the Foreign Representative respectfully requests that this Court grant the relief requested herein.

**IV.   The Foreign Representative Requests That the Court
Schedule a Hearing for Preliminary Injunctive Relief**

35. The Foreign Representative respectfully requests that this Court, by means of the proposed order to show cause, set a date for the hearing on its request for a preliminary injunction within ten (10) days of the Petition Date, as well as a date by which objections must be filed (the "Objection Deadline"). Pursuant to Local Rule 2001-1 of the Local Bankruptcy Rules for the Southern District of New York, if no objections are filed by the Objection Deadline, the Foreign Representative proposes that this Court enter the proposed preliminary injunction without the necessity of a hearing.

**Satisfaction of Local Bankruptcy Rule 9013-1(a)**

36. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicted, and a discussion of their application to the Application. Accordingly, Mexicana respectfully submit that the Application satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York, or requests that the Court waive such requirement on the facts present.

**Notice**

37. The Foreign Representative has provided notice of the Application, pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to: (a) the Office of the United States Trustee: (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) United States Department of Justice; (e) the depository institutions for Mexicana's U.S.-based depository receipts; (f) the administrative agents and lenders for Mexicana's prepetition credit facilities; (g) Mexicana's aircraft and spare engine lessors and owner trust participants; (h) all U.S. airport authorities at which Mexicana has operations; (i) U.S. real property landlords; and (j) all third parties providing services to Mexicana in the United States. In light of the relief requested, the Foreign Representative submits that no further notice is necessary.

**No Prior Request**

38. No prior request for the relief requested herein has been made to this or any other court.

**Waiver of Federal Rule of Civil Procedure 65(c)**

39. Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." To the extent Rule 65 of the Federal Rules of Civil Procedure applies, the Foreign Representative believes that the security requirements imposed by Rule 65(c) are unwarranted under the circumstances and, accordingly, respectfully requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

DM2\2410974.1

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests (a) immediate entry of an order to show cause with a temporary restraining order, substantially in the form attached hereto as Exhibit A; (b) entry of an order, substantially in the form attached hereto as Exhibit B, granting a preliminary injunction pending this Court's entry of an order recognizing the Concurso Proceeding as a "foreign main proceeding"; (c) scheduling of a hearing on the Application; and (d) such other and further relief as is just and proper.

Dated: New York, New York
       August 2, 2010

**DUANE MORRIS LLP**

  /s/William C. Heuer
William C. Heuer, Esq.
William H. Schrag, Esq.
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
*wheuer@duanemorris.com*
*wschrag@duanemorris.com*

*Counsel to the Foreign Representative*