DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
William C. Heuer, Esq.
William H. Schrag, Esq.
*wheuer@duanemorris.com*
*wschrag@duanemorris.com*

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) ) ) | Case No. 10-[__] |
| Debtor in a Foreign Proceeding. | ) ) ) | |

**AFFIDAVIT OF WILLIAM C. HEUER, ESQ., IN SUPPORT OF
EX PARTE APPLICATION FOR ORDER (A) GRANTING PROVISIONAL
RELIEF AND INJUNCTION AND (B) SCHEDULING HEARING**

I, William C. Heuer, being duly sworn, depose and say:

1. I am partner of the law firm of Duane Morris LLP, which represents Maru E. Johansen in her capacity as foreign representative (the "Foreign Representative") of the above-captioned debtor ("Mexicana") whose voluntary corporate reorganization proceedings under the laws of Mexico currently are pending before the District Court for Civil Matters for The Federal District, Mexico (the "Mexican Court" and "Concurso Proceeding").[1]

2. I submit this affidavit, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Rule 7065 of the Federal Rules of Bankruptcy Procedure and Rule 9077-1 of the

---
[1] Unless otherwise noted herein, capitalized terms shall have the meanings ascribed to them in Mexicana's Chapter 15 Petition.

Local Bankruptcy Rules for the Southern District of New York, in support of the Foreign Representative's Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing (the "Application"), filed contemporaneously herewith in this Chapter 15 proceeding. Through the Application, among other things, the Foreign Representative requests that this Court immediately enter an order to show cause with a temporary restraining order, substantially in the form attached as Exhibit A to the Application.

3. As is set forth in the Application and the accompanying declaration of Maru E. Johansen in support of the Application, the Foreign Representative is seeking immediate entry of a temporary restraining order on an *ex parte* basis to avoid the considerable disruption and irreparable harm to Mexicana's operations from creditors and other parties potentially taking action against Mexicana's assets and business in the United States. To protect Mexicana's business from disruption and to preserve value, the Foreign Representative seeks immediate entry of an order to show cause with a temporary restraining order prior to the hearing on the Application (which seeks a preliminary injunction for the period of time between the hearing on the Application and entry of an order regarding recognition).

4. The Foreign Representative will serve notice of the commencement of this Chapter 15 proceeding and request for provisional relief, by first class mail, on: (a) the Office of the United States Trustee: (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) United States Department of Justice; (e) the depository institutions for Mexicana's U.S.-based depository receipts; (f) the administrative agents and lenders for Mexicana's prepetition credit facilities; (g) Mexicana's aircraft and spare engine lessors and owner trust participants; (h) all U.S. airport authorities at which Mexicana has operations; (i) all

U.S. real property landlords; and (j) all third parties providing services to Mexicana in the United States.

5. Promptly after entry of the order to show cause, the Foreign Representative will serve the order to show cause and the Application upon; (a) the Office of the United States Trustee: (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) United States Department of Justice; (e) the depository institutions for Mexicana's U.S.-based depository receipts; (f) the administrative agents and lenders for Mexicana's prepetition credit facilities; (g) Mexicana's aircraft and spare engine lessors and owner trust participants; (h) all U.S. airport authorities at which Mexicana has operations; and (i) all U.S. real property landlords.

6. The Concurso Proceeding was commenced earlier today. The Foreign Representative believes that immediate protection, on an ex parte basis, is necessary in order to avoid significant and irreparable harm. The Foreign Representative did, however, provide advance notice of this Chapter 15 filing, and the request for immediate relief on an ex parte basis, to the Office of the United States Trustee for this District.

7. There is a need for immediate relief, and it is highly likely that proceeding on other than an ex parte basis would cause immediate and irreparable harm to Mexicana. Mexicana has recently received several notices of default under the terms of its aircraft and spare engine leases. Some of those notices were followed by termination notices and grounding notices for aircraft. In the past week, lessor activity has increased dramatically. Several of Mexicana's aircraft were seized in Canada, despite the fact that, I have been told, Mexicana was not in default on those leases. There were attempts to seize other aircraft at Chicago O'Hare and John F. Kennedy International airports, as well as attempts to cancel aircraft registrations (the

effect of which is to render aircraft unable to fly). In some instances, it was demanded of Mexicana that advance payments be made for the release of aircraft. These actions were taken without notice by lessors and have caused great disruption to Mexicana's operations. Advance notice of Mexicana's request for provisional relief would likely cause lessors to take additional action to ground aircraft or create problems with aircraft registrations in order to ground those aircraft. The harm that could be done in just a short period of time is substantial.

8. Not only is the harm that can be done substantial, many of the actions taken against Mexicana have been extrajudicial.

9. No prior requests for the relief sought in the Application have been made by the Foreign Representative or Mexicana.

10. In light of the notice that the Foreign Representative will provide with respect to the order to show cause and the Application, and in order to protect Mexicana's assets and business from irreparable harm, I respectfully submit that the Foreign Representative's request for entry of an order to show cause with temporary restraining order on an *ex parte* basis is appropriate.

11. The information contained in this affidavit is true and correct to the best of my knowledge and belief.

Dated: New York, New York        */s/William C. Heuer*  
      August 2, 2010                    William C. Heuer, Esq.

/s/_____  
Notary Public

4

DM2\2410966.1