UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) | Case No. 10-14182 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER

Upon the Application for provisional and injunctive relief (the "Application") filed by Maru E. Johansen as putative foreign representative of the above-captioned debtor (the "Foreign Representative" and "Mexicana," respectively) in Mexicana's reorganization proceedings under Mexican law currently pending before the District Court for Civil Matters for The Federal District, Mexico (the "Mexican Court" and "Concurso Proceeding"); and upon this Court's review and consideration of (i) the Application, (ii) the Foreign Representative's Declaration, (iii) the Declaration of Jaime Rene Guerra Gonzalez and (iv) the Affidavit of William C. Heuer; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(3); appropriate, sufficient and timely notice of the filing of the Application and request for an order to show cause with a temporary restraining order having been given by the Foreign Representative, pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); it appearing that the relief requested in the Application is necessary and beneficial to Mexicana; and upon due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

1. There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Concurso Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The commencement or continuation of any action or proceeding in the United States against Mexicana should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of Mexicana's estate in the Concurso Proceeding, and such relief will either (i) not cause an undue hardship to other parties in interest or (ii) any hardship to parties is outweighed by the benefits to Mexicana and the Concurso Proceeding of the relief requested.

3. Unless a temporary restraining order issues, there is a material risk that Mexicana's assets could be subject to efforts by creditors or other parties-in-interest in the United States to control or take possession of such assets, or that contract counterparties could use the Concurso Proceeding as a pretext to terminate contracts, require security, tighten credit terms or take other action against Mexicana or its U.S.-based assets.

4. Such acts could (i) interfere with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code; (ii) interfere with and cause harm to Mexicana's efforts to administer its estate pursuant to the Concurso Proceeding and the Mexican Court's administration of the Concurso Proceeding; and (iii) undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of Mexicana's creditors.  Accordingly, there is a material risk that Mexicana may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

5. The interest of the public will be served by this Court's entry of this Order.

6. The Foreign Representative and Mexicana are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1. The Application is granted as is set forth herein.

2. To the extent unresolved objections to the preliminary injunction requested in the Application exist, all parties in interest must come before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge for the Southern District of New York, for a hearing (the "Hearing") at 2:00 p.m. on August 16, 2010, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Room 723, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard to show why a preliminary injunction should not be granted, pending the issuance of an order on the Foreign Representative's request that the Court enter an order recognizing the Concurso Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, with such preliminary injunction providing:

    i    establishing the Foreign Representative as the representative of Mexicana with full authority to administer Mexicana's assets and affairs in the United States;

    ii    ordering that the protections of section 362 of the Bankruptcy Code apply to Mexicana and its assets in the United States;

    iii    enjoining all persons and entities from seizing, attaching and/or enforcing or executing liens or judgments against Mexicana's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with Mexicana's assets or agreements, rights services and operations in the United States without (i) an order from the Mexico Court or this Court permitting such action or (ii) the express written consent of the Foreign Representative;

    iv    enjoining all persons and entities from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against Mexicana or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other

     judgment, assessment, order, lien or arbitration award against Mexicana or its assets in the United States or proceeds thereof without (a) an order from the Mexico Court or this Court permitting such action or (b) the express written consent of the Foreign Representative; and

  v  entrusting the administration and realization of all of Mexicana's assets located in the United States to the Foreign Representative, including all of Mexicana's assets which may have been transferred to third parties in the United States.

3. Pending entry of further order of this Court, the protections of section 362 of the Bankruptcy Code applies to Mexicana and its assets in the United States.

4. Pending entry of further order of this Court:

 i. the Foreign Representative is established as the representative of Mexicana with full authority to administer Mexicana's assets and affairs in the United States;

 ii. the Foreign Representative is entrusted with the administration or realization of Mexicana's assets in the United States, including, without limitation, all of Mexicana's assets that may have been transferred to parties in the United States;

 iii. all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against Mexicana's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with Mexicana's assets or agreements, rights services and operations in the United States without (a) an order from the Mexico Court or this Court permitting such action or (b) the express written consent of the Foreign Representative;

 iv. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against Mexicana or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against Mexicana or its assets or proceeds thereof; and

 v. The Foreign Representative is entrusting the administration and realization of all of Mexicana's assets located in the United States to the Foreign Representative, including all of Mexicana's assets which may have been transferred to third parties in the United States.

5. Pending entry of further order of this Court, the Foreign Representative and Mexicana are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

6. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to this Chapter 15 proceeding by Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order.

7. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

8. The banks and financial institutions with which Mexicana maintains U.S.-based bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer Mexicana's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on Mexicana's bank accounts by the respective holders and makers thereof and at the direction of the Foreign Representative or Mexicana, as the case may be.

9. This Order and the Application shall be promptly served on: (a) the Office of the United States Trustee: (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) the United States Department of Justice; (e) the depository institutions for Mexicana's U.S.-based depository receipts; (f) the administrative agents and lenders for Mexicana's prepetition credit facilities; (g) Mexicana's aircraft and spare engine lessors; (h) all U.S. airport authorities at which Mexicana has operations; and (i) Mexicana's U.S.-based real property lessors. In addition, notice of this Chapter 15 filing, and of the Application, shall also

be given by first class mail to (j) all parties providing services to Mexicana in the United States; and (k) all parties that file notices of appearance in this Chapter 15 proceeding pursuant to Bankruptcy Rule 2002.

10. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, Mexicana and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. Any party in interest may file objections and be heard by this Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Foreign Representative in this Chapter 15 proceeding.

12. Any party in interest may seek relief from this order or to be heard with respect to this order, on an emergency basis, at any time prior to the hearing scheduled for August 16, 2010.

13. Any party in interest wishing to submit a response or objection to the preliminary injunction relief requested in the Application must do so in writing and shall conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties in interest, on a 3.5-inch disk, in text-searchable Portable Document Forman (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "<u>Chambers Copy</u>" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than August 13 at 4:00 p.m. (Eastern Time) by the following

parties: (i) counsel to the Foreign Representative, Duane Morris LLP, 1540 Broadway, New York, New York 10036, Attn: William C. Heuer and Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, New York New York 10018, Attn: Edward J. LoBello; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (iii) all parties that file notices of appearance in this Chapter 15 proceeding pursuant to Bankruptcy Rule 2002. This Court may enter an order granting the preliminary injunction requested in the Application without hearing if no unresolved objections exist.

14. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 proceeding, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
August 2, 2010

                                               /s/ Arthur J. Gonzalez
                                               Chief United States Bankruptcy Judge