UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

COMPANIA MEXICANA DE AVIACION
S.A. DE C.V.,

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 10-14182 (MG)

# ORDER TO SHOW CAUSE

This matter having come before this Court by the motion of moving parties Wells Fargo Bank Northwest, N.A. (not in its individual capacity but solely as Owner Trustee) (hereinafter "Wells Fargo"), Marco Aircraft Leasing Limited ("Marco"), and AeroTurbine, Inc. ("AeroTurbine"), for an Order requiring defendant Compania Mexicana de Aviacion S.A. de C.V. ("Mexicana") to show cause why an order granting relief from the Amended Temporary Restraining Order dated August 3, 2010, should not be entered for the reasons set forth in the Motion for and Order Granting Relief from the Temporary Restraining Order dated August 4, 2010, and the Court having considered the Motion for Relief from the Temporary Restraining Order, the Declaration of Aengus Kelly dated August 4, 2010, the Declaration of Lewis A. Wood dated August 4, 2010, and exhibits attached thereto (collectively, the "Motion"), and for good cause shown, it is hereby

ORDERED, that Mexicana is to show cause before this Court, at Room 501, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, on the **11th day of August 2010, at 2:00 P.M.**, or as soon thereafter as counsel may be heard (the "Show-Cause Hearing"), why an Order should not be issued pursuant to the Motion granting relief from

the TRO and the prohibitions and injunctions set forth therein to permit Wells Fargo and Marco to take certain actions and to take possession of the "Aircraft," the "Marco Engine," and the "Aircraft Documentation", as defined below and permit AeroTurbine to take certain actions and to take possession of the "AeroTurbine Engines" and the "Spare Parts", as defined below.

For purposes of this Order to Show Cause, the term "Aircraft" shall be defined as any or all of the following aircraft:

> (i) one Airbus A319-100 aircraft bearing manufacturer's serial number 4204, of which Wells Fargo is Lessor, which includes its respective Engines, Parts, and Aircraft Documentation (as those terms are defined in the governing lease) (hereinafter, the "4204 Aircraft);

> (ii) one Airbus A319-100 aircraft bearing manufacturer's serial number 4127, of which Wells Fargo is Lessor, which includes its respective Engines, Parts, and Aircraft Documentation (as those terms are defined in the governing lease) (hereinafter, the "4127 Aircraft);

> (iii) one Airbus A319-100 aircraft bearing manufacturer's serial number 4254, of which Wells Fargo is Lessor, which includes its respective Engines, Parts, and Aircraft Documentation (as those terms are defined in the governing lease) (hereinafter, the "4254 Aircraft);

> (iv) one Airbus A320-200 aircraft bearing manufacturer's serial number 0361, of which Wells Fargo is Lessor, which includes its respective Engines, Parts, and Aircraft Documentation (as those terms are defined in the governing lease) (hereinafter, the "0361 Aircraft)

The term "Aircraft Documentation" shall be defined as set forth above, relating to the Aircraft. The term "Marco Engine" shall be defined as the engine that was originally on wing on the Airbus A319-100 aircraft bearing manufacturer's serial number 1612, such engine not having been returned by Mexicana to Marco Aviation Leasing Limited together with Engine Documentation (as defined in the lease governing Aircraft 1612).

The term "AeroTurbine Engines" shall be defined as:

> (i) One IAE V2500-A1 aircraft bearing engine serial number V0029, which AeroTurbine had leased to Mexicana, which includes the Engine Documentation (as that term is

defined in the Aircraft Engine Lease Agreement dated December 18, 2009) (hereinafter, "ESN V0029").

(ii) One General Electric CF34-3B1 engine bearing manufacturer's serial number 872318, which AeroTurbine leased to Mexicana Inter S.A. de C.V., which includes its respective Components and Engine Documentation (as those terms are defined in the Lease Supplement No. 1 dated April 8, 2009 in accordance with that General Terms Engine Lease Agreement, dated March 31, 2009, collectively as amended, modified, supplemented, and assigned from time to time (hereinafter, "ESN 872318");

The term Component Parts shall be defined as:

CRJ 200 Rotable Components (hereinafter, the "Component Parts"), which AeroTurbine had leased to Mexicana, which includes all the parts included in Schedule 1 to the Agreement for the Lease of CRJ 2000 Rotable Components dated April 8, 2009, as amended, modified, supplemented, and assigned from time to time (the "Components Parts Lease") and required Documentation (as that term is defined in the Components Parts Lease).

NOW IT IS HEREBY

ORDERED, that service of a copy of this Order, the Motion and related Declarations and Exhibits thereto upon counsel for Maru E. Johnson, in her capacity as the alleged "Foreign Representative" for Mexicana, Duane Morris LLP, 1540 Broadway, New York, NY 10036-4086, Attention: William C. Heuer, Esq., and Meyer, Suozzi, English and Klein, P.C., 1350 Broadway, Suite 501, New York, New York 10018, Attention, Edward J. LoBello, Esq., by personal service or delivery to a recognized courier service on or before **August 5, 2010, at 3:00 P.M.** shall be deemed good and sufficient service thereof; and it is further

ORDERED, that Mexicana shall serve answering papers, if any, to be received on or before **August 9, 2010, at 10:00 A.M.**, by a recognized courier service and facsimile (212-385-9010) to Holland & Knight LLP, 31 West 52nd Street, New York, New York 10007, <u>Attention</u>: John M. Toriello, Esq., Arthur E. Rosenberg, Esq. and Marc L. Antonecchia, Esq.; and it is further

3

ORDERED, that reply papers, if any, shall be served on or before **August 10, 2010, at 4:00 P.M.**, by service on counsel for Maru E. Johnson, as foreign representative of Mexicana, as stated above.

DATED:   New York, New York
         **August 5, 2010**

                              SO ORDERED:


                                    /s/Martin Glenn
                              UNITED STATES BANKRUPTCY JUDGE