WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
Scott Greissman, Esq.

633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Roberto J. Kampfner, Esq. (*pro hac vice* pending)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | Case No. 10-14182 (MG) |
| Debtor in a Foreign Proceeding. | |

**EX PARTE APPLICATION FOR ENTRY OF AN ORDER TO SHOW CAUSE SETTING A HEARING ON THE EMERGENCY MOTION OF INTERNATIONAL LEASE FINANCE CORPORATION, WHITNEY IRELAND LEASING LIMITED AND CALLIOPE LIMITED FOR RELIEF FROM TEMPORARY RESTRAINING ORDER, FOR A DETERMINATION THAT CERTAIN LEASE AGREEMENTS ARE TERMINATED, FOR A DETERMINATION THAT THE AUTOMATIC STAY IS NOT APPLICABLE IF AN ORDER IS ENTERED RECOGNIZING THE CONCURSO PROCEEDING AS A FOREIGN MAIN PROCEEDING AND OBJECTION TO THE <u>IMPOSITION OF A PRELIMINARY INJUNCTION</u>**

International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited (collectively, the "ILFC Group"), hereby file this ex parte application (the "Application") for entry of an order to show cause, substantially in the form of the order attached hereto as Exhibit A, setting a hearing on an expedited basis on the ILFC Group's (a) emergency motion for entry of an order (i) granting relief from the Second Amended Order to Show Cause with Temporary Restraining Order entered by this Court on August 5, 2010 in the above-

captioned case (the "TRO") pursuant to paragraphs 12 and 16 of the TRO, (ii) declaring that certain lease agreements are terminated and (iii) declaring that to the extent this Court enters an order recognizing the Concurso Proceeding as a "foreign main proceeding", the automatic stay is inapplicable to the ILFC Group and its aircraft and (b) objection to the imposition of a preliminary injunction (collectively, the "Motion"), and in regards thereto, respectfully represents as follows:

## BASIS FOR RELIEF

1. The ILFC Group is a lessor of eight aircraft to Compañía Mexicana de Aviación, S.A. de C.V. ("Mexicana"), all of which are currently in the possession of Mexicana and presumably transporting passengers and/or cargo. Prior to the filing of Mexicana's bankruptcy petition in this Court and in the Mexican court, Mexicana breached its obligations to the ILFC Group to pay rent, maintenance reserves, refurbishment fees and other amounts due under Mexicana's leases with the ILFC Group. On July 23, 2010, the ILFC Group sent Mexicana notices of termination, which terminated Mexicana's rights under the lease agreements and demanded (a) payment in full of all amounts due thereunder, (b) an immediate grounding of each of the subject aircraft, and (c) the return of the aircraft to the ILFC Group. Mexicana, however, has not paid the outstanding sums, grounded the aircraft or returned the aircraft. In short, Mexicana continues to operate the ILFC Group's aircraft, although it has no legal right to do so.

2. On August 3, 2010, this Court entered a temporary restraining order providing that the protections of section 362 of the Bankruptcy Code apply to Mexicana, including the ILFC Group's aircraft, which order has been amended twice and now stands in the form of the TRO. However, because the lease agreements regarding the ILFC Group's aircraft were terminated pre-petition, Mexicana has no colorable claim to the ILFC Group's aircraft. As such, there is no basis for the TRO in so far as it applies to the ILFC Group's aircraft.

3. The imposition of the TRO as to the ILFC Group's aircraft is causing the ILFC Group substantial irreparable harm. At this very moment, Mexicana is in unlawful possession of the ILFC Group's aircraft and continues to fly them without paying rent or funding required

maintenance reserves. Further, the ILFC Group has absolutely no way of verifying whether or not the aircraft are being properly maintained. Mexicana cannot continue to improperly possess the ILFC Group's aircraft, and the TRO should be dissolved to permit the ILFC Group to repossess its aircraft.

4. In light of the foregoing, and in order to prevent continuous, irreparable harm to the ILFC Group, the ILFC Group submits that sufficient cause exists to have the Motion heard on an emergency basis.

## **NOTICE**

5. Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) Mexicana, and (iii) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the ILFC Group is currently aware. The ILFC Group submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

6. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the ILFC Group respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the relief requested herein and (ii) granting the ILFC Group such other and further relief as the Court deems proper and just.

Dated: New York, New York
August 6, 2010

Respectfully submitted,

WHITE & CASE LLP

By /s/ Scott Greissman
    Scott Greissman, Esq.

1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819 8200
Facsimile: (212) 354-8113

Roberto J. Kampfner (CBN 179026)
Melanie C. Scott (CBN 234646)
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

*Attorneys for International Lease Finance Corporation and related entities*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) Case No. 10-14182 (MG) |
| Debtor in a Foreign Proceeding. | ) |

**ORDER TO SHOW CAUSE**

This matter having come before this Court by the ex parte application (the "Application") of International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited (collectively, the "ILFC Group"), for entry of an order to show cause setting a hearing on an expedited basis on the ILFC Group's (a) emergency motion for entry of an order (i) granting relief from the Second Amended Order to Show Cause with Temporary Restraining Order entered by this Court on August 5, 2010 in the above-captioned case (the "TRO") pursuant to paragraphs 12 and 16 of the TRO, (ii) declaring that certain lease agreements are terminated and (iii) declaring that to the extent this Court enters an order recognizing the Concurso Proceeding (as defined below) as a "foreign main proceeding", the automatic stay is inapplicable to the ILFC Group and its aircraft and (b) objection to the imposition of a preliminary injunction (collectively, the "Motion"), and the Court having considered the Application, and for good cause shown, it is hereby

ORDERED that Compañía Mexicana de Aviación, S.A. de C.V. ("Mexicana") is to show cause before this Court, at Room 523, United States Bankruptcy Court, One Bowling Green, New York, New York, 10004-1408, on the ____ day of August 2010, at __:__ __.m., or as soon thereafter as counsel may be heard, why an Order should not be entered pursuant to the Motion

granting relief from the TRO and the prohibitions and injunctions set forth therein to permit the ILFC Group to take certain actions to take possession of the Aircraft as that term is defined in the Motion; and it is further

ORDERED, that service of a copy of this Order and the Motion shall be made upon counsel for Maru E. Johnson, in her capacity as the alleged "Foreign Representative" for Mexicana, Duane Morris LLP, 1540 Broadway, New York, NY 10036-4086, Attention: William C. Heuer, Esq. and Meyer, Suozzi, English and Klein, P.C., 1350 Broadway, Suite 501, New York, New York 10018, Attention: Edward J. LoBello, Esq., by personal service or delivery to a recognized courier service on or before August ___, 2010 at __:__ __.m., which service shall be deemed good and sufficient service thereof; and it is further

ORDERED, that to the extent Mexicana desires to respond to the Motion, such response must be received on or before August ___, 2010 at __:__ __.m., by electronic mail, rkampfner@whitecase.com and facsimile, (213) 452-2329, to White & Case LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA, 90071-2007, Attention: Roberto J. Kampfner, Esq.; and it is further

ORDERED that reply papers, if any, shall be served on or before August ___, 2010 at __:__ __.m., by service on counsel for Maru E. Johnson, in her capacity as the alleged "Foreign Representative" for Mexicana, as state above.

Dated: New York, New York
      August __, 2010

                                                 _____
                                               UNITED STATES BANKRUPTCY JUDGE