WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:     (212) 819-8200
Facsimile:     (212) 354-8113
Scott Greissman, Esq.

633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Telephone:     (213) 620-7700
Facsimile:     (213) 452-2329
Roberto J. Kampfner, Esq. (*pro hac vice* pending)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) ) ) Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) ) Case No. 10-14182 (MG) ) ) |
| Debtor in a Foreign Proceeding. | ) ) ) |

**EMERGENCY MOTION OF INTERNATIONAL LEASE FINANCE CORPORATION, WHITNEY IRELAND LEASING LIMITED AND CALLIOPE LIMITED FOR ORDER AUTHORIZING FILING UNDER SEAL**

International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited (collectively, the "ILFC Group"), by and through their undersigned counsel, hereby move the Court on an emergency basis (the "Motion") for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, authorizing the ILFC Group to file under seal the (a) Emergency Motion of International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited For Relief From Temporary Restraining Order, For a Determination That Certain Lease Agreements are Terminated, For a Determination That the Automatic Stay is Not Applicable if an Order is Entered Recognizing the Concurso Proceeding

as a Foreign Main Proceeding and Objection to the Imposition of a Preliminary Injunction (the "Emergency Motion"), (b) the Affidavit of Joseph H. Hermosillo ("Hermosillo Affidavit"), (c) the Affidavit of Chris Wallraff (the "Wallraff Affidavit") and (d) the Affidavit of Elizabeth Critch (the "Critch Affidavit"), along with the exhibits attached thereto (collectively, the "Documents"), and respectfully state as follows:

## BACKGROUND

1. The ILFC Group is a lessor of eight aircraft to Compañía Mexicana de Aviación, S.A. de C.V. ("Mexicana"). Prior to the filing of Mexicana's bankruptcy petition, Mexicana breached its obligations to the ILFC Group to pay rent, reserves, refurbishment fees and other amounts in regards to the eight aircraft. On July 23, 2010, the ILFC Group sent Mexicana notices of termination, which notices terminated Mexicana's rights under the lease agreements and demanded (a) payment in full of all amounts due thereunder, (b) an immediate grounding of each of the subject aircraft, and (c) the return of the aircraft. Mexicana, however, has not paid the outstanding sums, grounded the aircraft or returned the aircraft.

2. On August 2, 2010 (the "Petition Date"), Maru E. Johnson (the "Foreign Representative"), in her capacity as the foreign representative of Mexicana, filed a petition (the "Petition") in this Court under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code") for recognition of Mexicana's corporate reorganization "Concurso Proceeding" pending in the District Court for Civil Matters for The Federal District, Mexico (the "Concurso Proceeding") as a "foreign main proceeding."

3. That same day, the Foreign Representative also caused to be filed an Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing (the "Application"). In the Application, the Foreign Representative seeks: (a)

recognition of the Concurso Proceeding as a "foreign main proceeding,"; (b) recognition of the Foreign Representative as a "foreign representative"; (c) the immediate entry, without a hearing, of an order to show cause with a temporary restraining order providing that, among other things, the automatic stay of section 362 of the Bankruptcy Code applies to this proceeding until the time that an order is entered by this Court recognizing the Concurso Proceeding as a "foreign main proceeding"; and (d) after a hearing on ten (10) days' notice (to the extent any unresolved objections exist), the issuance of a preliminary injunction providing the same relief as that sought in the TRO.

4. By order entered on August 2, 2010, the Application was granted, which order was modified by the entry of an Amended Order to Show Cause with Temporary Restraining Order on August 3, 2010 (the "Amended Order").

5. The Amended Order was subsequently modified by the entry of the Second Amended Order to Show Cause with Temporary Restraining Order entered by this Court on August 5, 2010 in the above-captioned case (the "TRO") on August 5, 2010. Pursuant to the TRO, "the protections of section 362 of the Bankruptcy Code appl[y] to Mexicana and its assets in the United States." TRO, ¶ 3. The TRO also contains a finding that "any hardship to parties [effected by the order] is outweighed by the benefits to Mexicana and the Concurso Proceeding of the relief requested[]" (the "Hardship Finding"). TRO, § 2.

6. The ILFC Group desires to challenge the Hardship Finding and obtain relief from the TRO. To obtain this relief, the ILFC Group has prepared, and intends to file, the Emergency Motion.

7. In the Emergency Motion, the ILFC Group contends that because the lease agreements regarding the ILFC Group's aircraft were terminated pre-petition, the TRO's

imposition of the automatic stay as to the ILFC Group's aircraft cannot stand because Mexicana has no colorable claim to the ILFC Group's aircraft.

8. In order to provide the Court with sufficient facts regarding the lease agreements, the sums due and owing thereunder and the circumstances surrounding the ILFC Group's termination of the lease agreements, the ILFC Group has included in the Documents highly confidential information regarding the rent, fees and rates charged by the ILFC Group to Mexicana under the various leases. Moreover, attached to the Wallraff Affidavit, the Hermosillo Affidavit and the Critch Affidavit (the "Affidavits") are copies of the various leases, amendments and other confidential documents related to the leases, which documents contain highly sensitive information that, if given to competitors of the ILFC Group, would give them an unfair advantage by providing them with information as to the commercial operations of the ILFC Group.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under the meaning of 28 U.S.C. § 157(b)(2)(P). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1410.

## RELIEF REQUESTED

10. By this Motion, the ILFC Group seeks entry of an order authorizing the ILFC Group to file the Documents under seal.

## BASIS FOR RELIEF

11. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

12. The relief requested by this Motion is appropriate under the Court's equitable powers under section 105(a) of the Bankruptcy Code, which provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Additionally, section 107(b) of the Bankruptcy Code provides that a Court may authorize parties to file papers under seal. Specifically, it states that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain such authorization. It states, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade a trade secret or other confidential research, development or commercial information.

Fed. R. Bankr. P. 9018.

14. Once a bankruptcy court determines that a party in interest is seeking protection of information that falls within a category enumerated in Section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application. <u>Video Software Dealers Ass'n v. Orion Pictures Corp.</u> (<u>In re Orion Pictures Corp.</u>), 21 F.3d 24, 27 (2d Cir. 1994).

15.     The whole point of [Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  Generally speaking, "commercial information" is "information which would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." Orion, 21 F.3d at 27, quoting Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.), 17 B.R. 942, 944 (9th Cir. BAP 1982).  "Commercial information" need not relate merely to day-to-day operations and records of a business.  See In re Farmland Indus., 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003) (protecting as "commercial information" the details of a debtor's DIP financing agreement).  Nor "commercial information" may include that which would be useful to adversaries, generally.  See id. at 369 (disclosure of asset sale deadlines under DIP order would advantage potential asset buyers in negotiations with debtor).  Information which is "critical to the operation of the entity seeking the protective order" is particularly worthy over protection under Section 107(b).  In re Barney's Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996).

16.     Strategic information directly affecting the value a party will receive in a bankruptcy proceeding may be protected as commercial information.  For example, in In re Farmland Indus., 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003), the Court found that:

> The Court is convinced that disclosing to the public-and thereby to potential buyers of the Debtors' assets-the dates by which the Debtors' DIP Lenders are requiring that certain assets be marketed and sold, as a condition of obtaining continued DIP financing, would be potentially detrimental to the ongoing operations of the Debtors, would unfairly benefit the Debtors' competitors by providing them with critical, strategic marketing information, and would most likely have a serious and detrimental impact on the prices for which those assets could be sold. If a potential buyer has knowledge of a deadline, in effect, by which the Debtors must sell

>    a certain asset, that knowledge gives the potential buyer great
>    leverage over the Debtors and places the Debtors at a distinct
>    disadvantage in the sales bargaining and negotiating process.
>    Clearly, this is 'commercial information' that merits protection.

17. Sufficient cause exists here to order that the Documents be filed under seal. The Documents contain confidential, commercial information about the lease agreements, the sums due and owing thereunder and the circumstances surrounding the ILFC Group's termination of the lease agreements. The Documents also contain highly confidential information regarding the rent, fees and rates charged by the ILFC Group to Mexicana under the various leases. Additionally, the exhibits attached to the Affidavits include copies of the various leases, amendments and other confidential documents related to the leases. These documents contain highly sensitive information that, if given to competitors of the ILFC Group, would give them an unfair advantage by providing them with information as to the commercial operations of the ILFC Group.

18. As such, in order to protect the ILFC Group's confidential, commercial information, the Documents should be filed under seal.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the ILFC Group respectfully requests that the Court (i) enter an order substantially in the form of Exhibit A attached hereto; and (ii) such other relief as the Court deems just and proper.

Dated: New York, New York　　　　　　　　Respectfully submitted,
　　　　August 6, 2010
　　　　　　　　　　　　　　　　　　　　　WHITE & CASE LLP


　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Scott Greissman
　　　　　　　　　　　　　　　　　　　　　　　　Scott Greissman, Esq.

1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819 8200
Facsimile: (212) 354-8113

Roberto J. Kampfner (CBN 179026)
Melanie C. Scott (CBN 234646)
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

*Attorneys for International Lease Finance Corporation and related entities*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | ) Case No. 10-14182 (MG) |
| Debtor in a Foreign Proceeding. | ) |

**ORDER GRANTING EMERGENCY MOTION OF INTERNATIONAL LEASE FINANCE CORPORATION, WHITNEY IRELAND LEASING LIMITED AND CALLIOPE LIMITED FOR ORDER AUTHORIZING FILING UNDER SEAL**

THIS MATTER having come before the Court upon the Emergency Motion (the "Motion") of International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited (collectively, the "ILFC Group"), for entry of an order authorizing the ILFC Group to file under seal the (a) Emergency Motion of International Lease Finance Corporation, Whitney Ireland Leasing Limited and Calliope Limited For Relief From Temporary Restraining Order, For a Determination That Certain Lease Agreements are Terminated, For a Determination That the Automatic Stay is Not Applicable if an Order is Entered Recognizing the Concurso Proceeding as a Foreign Main Proceeding and Objection to the Imposition of a Preliminary Injunction (the "Emergency Motion"), (b) the Affidavit of Joseph H. Hermosillo, (c) the Affidavit of Chris Wallraff and (d) the Affidavit of Elizabeth Critch, along with the exhibits attached thereto (collectively, the "Documents"), and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and this Court having determined that the relief requested in the Motion is in the best interests of the ILFC Group; and it appearing that proper and adequate notice of the Motion has been given and

that no other or further notice is necessary; and upon the record at the hearing on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED in its entirety; and it is further

ORDERED that the Documents shall be filed and kept by the Clerk of Court under seal and shall not be made publicly available pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
      August ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE