**VEDDER PRICE P.C.**
John I. Karesh (JK-4280)
Michael J. Edelman (ME-6746)
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799

*Counsel for C.I.T. Leasing Corporation,
CIT Aerospace International, Wilmington Trust
SP Services (Dublin) Limited, not in its
individual capacity but solely as Trustee, and
Wells Fargo Bank Northwest, National
Association, not in its individual capacity but
solely as Owner Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>COMPANIA MEXICANA DE AVIACION,<br>S.A. de C.V.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 10-14182 (MG) |

**APPLICATION OF VARIOUS CIT ENTITIES AND OWNER TRUSTEES
IN SUPPORT OF ORDER TO SHOW CAUSE TO FILE DOCUMENTS UNDER SEAL**

C.I.T. Leasing Corporation ("C.I.T. Leasing"), CIT Aerospace International ("CITAI", and together with C.I.T. Leasing, the "CIT Entities"), Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as Trustee, and Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as owner trustee (said institutions, each a "Trustee" and collectively, the "Trustees" and together with the CIT Entities, collectively, the "Lessor-Objectants"), respectfully submit this application (the "Application") in support of the entry of the attached Order to Show Cause and this Application for leave to file certain Documents (as defined below) under seal pursuant to Section 107(b) of the United States Code,

11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, the Lessor-Objectants respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(p).

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410.

## II. BACKGROUND

### A. The Debtor's Chapter 15 Filing

3. On August 2, 2010 (the "Filing Date"), Maru E. Johansen, in her capacity as the foreign representative (the "Foreign Representative") of Compania Mexicana de Aviacion, S.A. de C.V. ("Mexicana"), filed a petition under Chapter 15 of the Bankruptcy Code for (i) recognition by the Court as Mexicana's "foreign representative" as defined in Section 101(24) of the Bankruptcy Code, and (ii) for recognition of Mexicana's corporate reorganization proceedings pending before the District Court for Civil Matters for The Federal District, Mexico (the "Concurso Proceeding") as a "foreign main proceeding" pursuant to Sections 1515, 1517, and 1520 of the Bankruptcy Code.

4. On the Filing Date, the Foreign Representative filed an Ex Parte Application for Order (A) Granting Provisional Relief and Injunction and (B) Scheduling Hearing [Docket No. 5], seeking, *inter alia*, the entry of an order providing for a preliminary injunction pending the Court's consideration of the Foreign Representative's request for entry of an order recognizing the Concurso Proceeding as a "foreign main proceeding.

5. The application of Mexicana's Foreign Representative for a preliminary injunction is scheduled to heard on Monday, August 16 at 2 p.m. For the reasons set forth herein, the Lessor Objectants intent to object to the request for preliminary injunction.

B. **The Leases**

6. Prior to the Filing Date, the Lessor-Objectants leased eight aircraft (the "Aircraft") to Mexicana pursuant to certain leases (the "Leases"). As of the Filing Date, and as will more fully be demonstrated in the Lessor-Objectants' objection to the request for preliminary injunction, the Leases had either been terminated due to Mexicana's defaults thereunder or expired by their terms. As more fully appears from the accompanying affirmation of John I. Karesh, Mexicana entered into written lease termination agreements (the "Termination Agreements", and together with the Leases, the "Documents") in which Mexicana agreed to return the aircraft with manufacturer's serial number 971 to the Lessor on September 13, 2010 and the aircraft with manufacturer's serial number 966 to the Lessor on September 27, 2010. Accordingly, as of the Filing Date, Mexicana had no possessory or other interest in the Aircraft, and agreed to return two of the aircraft in the Termination Agreements..

7. Accordingly, the Lessor-Objectants will timely file[1] an objection to the TRO Application. In order to make a complete record on their objection, the Lessor-Objectants want to file copies of the Documents, but those Documents are confidential agreements between the relevant lessor and Mexicana, which contain proprietary and highly sensitive commercial information, including: amounts of rent and other sums payable thereunder, fees charged to Mexicana in connection with the leasing transactions, specific provisions concerning financial

---

[1] Pursuant to the Second Amended TRO Order, any objections or responses to the TRO Application are due no later than August 13, 2010, at 4:00 p.m. (Eastern time).

adjustments and minimum insurance amounts required to be maintained with respect to the leased aircraft. The disclosure of the proprietary information contained in the Documents may prejudice the Lessor-Objectants' business interests by revealing sensitive commercial information to competitors and potential lessees of similar aircraft. Moreover, each Lease contains an express confidentiality clause, and the disclosure of the Documents could constitute a breach of the Leases.

### III. **RELIEF REQUESTED**

8. Pursuant to this Application, the Lessor-Objectants respectfully request entry of the attached Order to Show Cause and an order permitting the Lessor-Objectants to file the Documents under seal.

### IV. **BASIS FOR RELIEF**

9. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 provide bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may - -
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information....

11 U.S.C. § 107(b). Thus, upon the request of a party in interest for protection against the disclosure of any information in the specifically enumerated categories, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018.

11. "Commercial information" includes any "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Orion Pictures Corp.*, 21 F.3d at 27 (*citing Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*), 17 B.R. 942, 944 (9th Cir. BAP 1982)).

12. The filing of the Documents under seal will not prejudice any parties in interest, as the Debtor and the Foreign Representative, upon information and belief, either possess or have access to copies of the Documents.

13. This Application contains citations to the applicable authorities, and the applicability of those authorities to the facts set forth herein. Accordingly, the Lessor-Objectants respectfully submit that this Application is sufficient compliance with Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York, or that the Court waive such requirement.

WHEREFORE, the Lessor-Objectants respectfully request entry of an Order to Show Cause why the Documents may not be filed and remain under seal; and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 11, 2010

**VEDDER PRICE P.C.**

_____/s/ John I. Karesh_____
John I. Karesh (JK-4280)
Michael J. Edelman (ME-6746)
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799

*Attorneys for C.I.T. Leasing Corporation, CIT Aerospace International, Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as Trustee, and Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee*