**VEDDER PRICE P.C.**
John I. Karesh (JK-4280)
Michael J. Edelman (ME-6746)
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799

*Counsel for C.I.T. Leasing Corporation,
CIT Aerospace International, Wilmington Trust
SP Services (Dublin) Limited, not in its
individual capacity but solely as Trustee, and
Wells Fargo Bank Northwest, National
Association, not in its individual capacity but
solely as Owner Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**COMPANIA MEXICANA DE AVIACION S.A. DE C.V.,**<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 10-14182 (MG) |

**OBJECTION OF VARIOUS CIT ENTITIES AND OWNER TRUSTEES TO THE
APPLICATION BY COMPANIA MEXICANA DE AVIACION S.A. DE C.V.
FOR A PRELIMINARY INJUNCTION**

C.I.T. Leasing Corporation ("CIT Leasing"), CIT Aerospace International ("CITAI"), and together with C.I.T. Leasing, collectively the "CIT Entities", Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as Trustee, and Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as owner trustee (said institutions each a "Trustee" and collectively the "Trustees", and together with the CIT Entities, collectively the "Lessor-Objectants"), respectfully submit this objection (the "Objection") to the application by Debtor, Compania Mexicana De Aviacion S.A. De C.V, ("Mexicana" or the "Debtor") for a preliminary injunction on the ground that the injunction, if granted, would enjoin

the relevant Lessor-Objectants from repossessing aircraft leased to Mexicana under leases[*] that have expired or been terminated prior to the filing by Mexicana of its Mexican insolvency proceeding and its petition in this Chapter 15 proceeding.

## THE FACTS

### (a) Leases

1. The Lessor-Objectants leased eight Aircraft to Mexicana pursuant to the Leases. The Lessor-Objectants have moved for leave to file the Leases under seal. (August 12, 2010 Affirmation of John I. Karesh in Support of Objection (hereinafter, "Karesh Aff."), ¶ 3.)

2. Each Lease requires, among other things, that Mexicana pay periodic basic rent and other sums, including maintenance reserve payments calculated based upon the number of months, hours or cycles (generally one takeoff and landing) of utilization of the Aircraft. (Karesh Aff., ¶¶ 4-5.)

3. Each Lease provides, in substance, that (i) it shall be governed by New York law, (ii) a failure to pay rent and maintenance reserve payments are events of default, and (iii) upon the occurrence and continuation of any event of default, the lessor under the relevant Lease could, with immediate effect, terminate and cancel the Lease. (Karesh Aff., ¶ 6.)

### (b) Mexicana's Defaults

4. As of August 2, the date on which Mexicana filed its petition with this Court under Chapter 15 of the Bankruptcy Code, Mexicana was in default under all of the Leases due to, among other things, its failures to pay Basic Rent and maintenance reserve payments under the Leases in the aggregate amount of no less than $5,100,000. (Karesh Aff., ¶ 8.)

---

[*] Relevant information regarding all of the aircraft (each an "Aircraft" and collectively, the "Aircraft") and leases (each a "Lease" and collectively, the "Leases") that are the subject of this Objection is summarized on Exhibit A attached hereto. Copies of the Leases are attached to the August 12, 2010 affirmation of John I. Karesh in support of the motion by the Lessor-Objectants for leave to file the Leases under seal (Docket #_).

5.  Failure to mention any other default by Mexicana is not intended as a waiver of such other defaults.

(c) The Leases Expired or Were Terminated

6.  By reason of Mexicana's defaults under the Leases, CITAI sent notices of termination dated July 29, 2010 to Mexicana terminating the Leases for the Aircraft with manufacturer's serial numbers 0966, 0971 and 3304. (Karesh Aff. ¶¶ 10-11, Exs. A-B.)

7.  By reason of Mexicana's defaults under the Leases, Wells Fargo Bank Northwest, National Association, in its capacity as Owner Trustee and Lessor, served a notice of termination dated July 29, 2010 with respect to the Leases for the Aircraft with manufacturer's serial numbers 1625, 2066, 2078 and 2662. (Karesh Aff. ¶ 12, Ex. C.) Those termination notices were received by Mexicana. (Karesh Aff. ¶ 12, Ex. D.)

8.  The Lease for the Aircraft with serial number 1598 expired by its terms on May 31, 2010. That Aircraft is not in an airworthy condition, and it is not in service. Mexicana has stated that this Aircraft is not needed for its operations, and CIT believes that Mexicana intends to return this Aircraft. This Aircraft is at a maintenance facility selected by Mexicana undergoing maintenance work. Wells Fargo as lessor of that Aircraft should not be enjoined from taking appropriate actions to regain possession of it and its related technical records and documents. (Karesh Aff. ¶¶ 13-14.)

9.  Mexicana has informed CITAI, as Lessor, that the Aircraft with manufacturer's serial numbers 966 and 971 are not profitable and will not be needed by Mexicana in its operations after September 27, 2010 and September 13, 2010, respectively. Mexicana agreed to surrender, and CIT agreed to accept the return of, these two Aircraft on those dates. Mexicana will not be harmed if these Aircraft are repossessed on or after those dates. (Karesh Aff. ¶¶ 15-16.)

10. Accordingly, all of the Leases had been terminated or expired prior to the commencement of Mexicana's insolvency proceeding in Mexico and this proceeding under Chapter 15 of the U.S. Bankruptcy Code.

## GROUNDS FOR OBJECTION

### POINT I

### THE AIRCRAFT ARE NOT PART OF THE BANKRUPTCY ESTATE, AND NO STAY IS APPROPRIATE

11. Bankruptcy courts look to the applicable state law to determine the property rights of a bankrupt entity. *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law,' since such '[p]roperty interests are created and defined by state law,'" quoting *Butner v. US*, 440 U.S. 48 (1979)).

12. Section 2-A-523(1) of the New York Uniform Commercial Code (the "UCC") provides, in relevant part, that:

> If a lessee . . . fails to make a payment when due . . . the lessee is in default under the lease contract and the lessor may:
>
> (a) cancel the lease contract. . . .
>
> (c) . . . take possession of goods previously delivered. . . .

N.Y. U.C.C. § 2-A-523(1).

13. Under the UCC, "Cancellation occurs when either party puts an end to the lease contract for default by the other party." N.Y. U.C.C. § 2-A-103(1)(b).

14. Pursuant both to the terms of the Leases and the UCC, the termination or expiration of the Leases terminated Mexicana's rights to the continued use and possession of the Aircraft under the Leases and entitled the Lessor-Objectants to the immediate return of the Aircraft (as defined in each of the Leases to include the airframe, the engines, appurtenant parts

4

and all related technical maintenance and repair records). Accordingly, the Lessors have the immediate right to the possession of the Aircraft. *See* N.Y. U.C.C. §§ 2-A-505, 523; *Connecticut Nat'l Bank v. Trans World Airlines*, 762 F.Supp. 76 (S.D.N.Y. 1991) (with no material issue of fact concerning defendant's default or plaintiff's contractual right to repossession, it was undisputed that plaintiff was entitled to immediate possession of aircraft).

15. The estate of a bankrupt debtor "is comprised of all legal or equitable interest of the debtor in property, wherever located, *as of the commencement of the case.*" *In re Prudential Lines Inc.*, 928 F.2d 565 (2d Cir. 1991) (emphasis added, quoting legislative history of 11 U.S.C. § 541, S.Rep. No. 95-989, 95th Cong. 2d Sess. 82; H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 367).

16. "It is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 U.S.C. § 362(a) nor may it be assumed by the debtor under 11 U.S.C. § 365." *In re Project Orange Assocs., LLC*, Index No. 10-12307, n.4 (MG) (S.D.N.Y. BR July 1, 2010).

17. At the time of Mexicana's bankruptcy petition in Mexico and its petition in this Court, Mexicana had no continuing possessory interest in the Aircraft. Because an estate can have no greater interest than the entity itself immediately prior to bankruptcy, the Mexicana estate has no interest in the Aircraft. *See 3 Collier on Bankruptcy*, ¶ 362.03[5][a] ("if a contract or lease terminated prior to the commencement of a [bankruptcy] case, it will not become property of the estate, and the other party may treat the agreement as terminated").

## POINT II

## MEXICANA HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF

18. Mexicana seeks a stay of execution against its assets pursuant to Section 1519 of the Bankruptcy Code, which provides: "From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to *protect the assets of the debtor* or the interests of the creditors, grant relief of a provisional nature[.]" 11 U.S.C. § 1519(a) (emphasis added).

19. Section 1519(e) further provides: "The standards, procedures, and limitations applicable to an injunction shall apply to relief under this section." Accordingly, to be entitled to preliminary injunctive relief under Chapter 15 of the Bankruptcy Code, Mexicana must demonstrate: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the Mexicana's favor. *Zervos v. Verizon New York, Inc.*, 252 F.3d 163 (2d Cir. 2001).

20. Mexicana's application for the TRO is based upon its contention that it will be irreparably harmed if aircraft lessors are permitted to repossess their aircraft. (Docket #6, ¶ 7.) However, as set forth in Point I, *supra*, Mexicana cannot be irreparably harmed if the Objectant Lessors repossess their Aircraft because Mexicana has no continuing interest or property right in the Aircraft. "An injunction should issue only where the intervention of a court of equity is essential in order effectually to protect *property rights* against injuries otherwise irremediable." *Austin v. Consolidated Edison Co. of New York, Inc.*, 788 F. Supp. 192, 196 (S.D.N.Y. 1991) (emphasis added, internal quotes and citations omitted) (denying motion for injunctive relief because plaintiffs had no legally cognizable property interest in subject matter of action).

21. Furthermore, at least with respect to the Aircraft with serial numbers 966 and 971, Mexicana itself has indicated that it has no need or desire to retain these Aircraft after September 27 and 13 respectively, and has entered into written agreements to return these Aircraft on those dates. (Karesh Aff. ¶¶ 16.) Mexicana has taken the Aircraft with serial number 1598 out of service in anticipation of its return to the applicable Lessor under the Lease that expired prior to the commencement of this proceeding. (Karesh Aff. ¶¶ 13-14.) Clearly, Mexicana will suffer no irreparable (or any other) harm if these Aircraft are repossessed.

22. As regards all of the Aircraft, the continued utilization of the Aircraft by Mexicana in its operations after the Leases had been terminated and, therefore, at a time when Mexicana has no right to operate or retain possession of the Aircraft, cannot be the basis for a claim of irreparable harm in connection with its application for a temporary restraining order.

23. Accordingly, a preliminary injunction is not warranted. But if a preliminary injunction is granted or if a stay under Section 362 of the Bankruptcy Code becomes effective, the Aircraft and Leases and Lessor-Objectants' remedies under the Leases should not be subject to the preliminary injunction or stay.

24. This Objection contains citations to the applicable authorities upon which this Objection is based, and the applicability of those authorities to the facts set forth herein. Accordingly, the Objectants respectfully submit that this Objection is sufficient compliance with Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York, or that the Court waive such requirement.

## CONCLUSION

Accordingly, the temporary restraining order, if granted, and any automatic stay under § 362 of the Bankruptcy Code, if such a stay becomes effective, should "carve out" the Aircraft that are the subject of this Objection and should not be applicable to any actions or remedies

7

taken by the Lessor-Objectants to repossess their respective Aircraft (each as defined in the relevant Lease to include applicable engines, parts and technical documents and records).

WHEREFORE, the Lessor-Objectants respectfully request that any restraining order provide that (i) the Aircraft be excluded from the effect of the temporary restraining order, and (ii) the rights of the Lessor-Objectants under the Leases and the UCC, including their right to repossess the Aircraft and to enforce remedies under the Leases, shall be unaffected by the temporary restraining order, and (iii) the Lessor-Objectants have such other, further and different relief as to this Court may seem just and proper.

Dated: New York, New York
      August __, 2010

**VEDDER PRICE P.C.**

_____/s/ John I. Karesh_____
John I. Karesh (JK-4280)
Michael J. Edelman (ME-6746)
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799

*Attorneys for C.I.T. Leasing Corporation,*
*CIT Aerospace International, Wilmington Trust*
*Services (Dublin) Limited, not in its individual*
*capacity but solely as Trustee, and Wells Fargo*
*Bank Northwest, National Association, not in its*
*individual capacity but solely as Owner Trustee*

# EXHIBIT A

| Aircraft Make/Model | Registration Number and Manufacturer's Serial Number | Engine Make/Model and ESN | Lease Dated | Lessor |
|---|---|---|---|---|
| Airbus A319-112 | Mexican Registration Mark XA-UAQ, MSN 1598 | Two CF International CFM 56-5B6/P Engines<br><br>ESN 575260 and 575261 | April 27, 2004 | Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as Owner Trustee/Lessor |
| Airbus A320-200 | Mexican Registration Mark XA-MXK, MSN 3304 | Two CF International CFM 56-5B4/P Engines<br><br>ESN 697495 and 697497 | May 29, 2007 | Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity but solely as Owner Trustee/Lessor |
| Airbus A319-112 | Mexican Registration Mark XA-CMA, MSN 2066 | Two CF International CFM 56-5B6/P Engines<br><br>ESN 575676 and 575680 | July 21, 2003 | Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee/Lessor |
| Airbus A319-112 | Mexican Registration Mark XA-UER, MSN 2662 | Two CF International CFM 56-5B6/P Engines<br><br>ESN 577471 and 577472 | December 15, 2005 | Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee/Lessor |
| Airbus A319-112 | United States Registration No. N62TY, MSN 1625 | Two CF International CFM 56-5B6/P Engines<br><br>ESN 575295 and 575293 | February 20, 2002 | Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee/Lessor |

| Aircraft Make/Model | Registration Number and Manufacturer's Serial Number | Engine Make/Model and ESN | Lease Dated | Lessor |
|---|---|---|---|---|
| Airbus A319-112 | Mexican Registration Mark XA-MXA, MSN 2078 | Two CF International CFM 56-5B6/P Engines<br><br>ESN 575691 and 575692 | July 21, 2003 | Wells Fargo Bank Northwest, National Association, not in its individual capacity but solely as Owner Trustee/Lessor |
| Airbus A330-200 | Mexican Registration Mark XA-MXP, MSN 966 | Two Rolls-Royce Trent 772B Engines<br><br>ESN 41571 and 41572 | November 11, 2008 | CIT Aeropsace International |
| Airbus A330-200 | Mexican Registration Mark XA-MXQ, MSN 971 | Two Rolls-Royce Trent 772B Engines<br><br>ESN 41577 and 41578 | November 11, 2008 | CIT Aeropsace International |