Martin N. Flics
Paul S. Hessler
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
(+1) 212 903 9000 (Tel)
(+1) 212 903 9100 (Fax)

*Attorneys for Banco*
*Mercantil del Norte, S.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

*In re*

COMPANIA MEXICANA DE AVIACION, S.A. de
C.V.,

               Debtor in a Foreign Proceeding.

------------------------------------------------------------x

Chapter 15

Case No. 10-14182 (MG)

## DECLARATION OF JORGE SEPÚLVEDA IN SUPPORT OF BANCO MERCANTIL DEL NORTE, S.A.'S (I) OBJECTION TO FOREIGN REPRESENTATIVE'S APPLICATION FOR ORDER (A) GRANTING PROVISIONAL RELIEF AND INJUNCTION AND (B) SCHEDULING HEARING AND (II) DEMAND FOR PROTECTION UNDER 11 U.S.C. §§ 1519, 1522, 361, 362 AND 363

        I, Jorge Sepúlveda, declare under penalty of perjury under the laws of the United

States of America that the following is true and correct:

        1.     I hereby submit this declaration (the "**Declaration**") in support of Banco

Mercantil Del Norte, S.A.'s ("**Banorte's**") (I) Objection to the Foreign Representative's

Application for an Order (A) Granting Provisional Relief and Injunction and (B) Scheduling

Hearing and (II) Demand for Protection Under 11 U.S.C. §§ 1519, 1522, 361, 362 and 363.

Except as is set forth below, I have personal knowledge of the matters set forth in this

Declaration.

2. Although Spanish is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

3. I am a partner at the law firm of Bufete Garcia, Jimeno, S.C., where I have worked since 1987 and been a partner since 1997. I was admitted to practice law in Mexico in April, 1992. My office is located in Mexico City, Mexico. I specialize in civil and commercial litigation and bankruptcy proceedings.

4. I am the former head teacher at Panamerican University of Mexico City in theory of bankruptcy and related proceedings, and I have been teaching bankruptcy law and procedural law at different universities in Mexico City since 1992. I have been a teacher of Concursos Mercantiles at Universidad Iberoamericana since 2005. I am a member of INSOL International, and recently acted as Chair in the Main Organizing Committee of a one day seminar of INSOL International in Mexico City, where we had a session regarding chapter 15 of the U.S. Bankruptcy Code and chapter 12 of Mexican Concursos Law. I have been published many times regarding bankruptcy issues, and speak on the subject at seminars around the world.

5. Since being retained as an attorney for Banorte, I have become familiar with the financing agreements between Banorte and Mexicana, and the mechanisms through which payments are made in relation to those financing agreements.

6. On April 17, 2008, Banorte entered into a $1,572,420,000 (Mexican Pesos) Credit Agreement (the "**Credit Agreement**") among Compania Mexicana de Aviacion, S.A. de C.V. ("**Mexicana**"), Aero Caribe S.A. de C.V. and Grupo Mexicana de Aviacion S.A. de C.V., as guarantors, and Gamma Servicios de Negocios, S.A. de C.V. as borrower.

7. The obligations of Mexicana and its non-debtor affiliates under the Credit Agreement are supported by Mexicana's Mexican and U.S. ticket sales made with American

Express, Visa or MasterCard. In Mexico, the parties entered into a trust arrangement governed under Mexican law pursuant to which applicable proceeds of Mexican credit card ticket sales would flow into a Mexican trust collection account over which Banorte has rights as the primary beneficiary.

8.     By order entered on August 4, 2010, the Mexico Court provided for immediate provisional injunctive relief (the "Concurso Injunctions"), containing "preventive injunctions" 1-32, which, among other things, prohibited Banorte, through its agent INB, from transferring, stopping, withholding, charging, offsetting and/or using the resources located or that could be located in the Collateral Accounts.

9.     By order entered on August 5, 2010, the Mexico Court modified the Concurso Injunctions (the "Modification Order"), in accordance with Mexicana's request, to carve out Banorte and a number of other banks and lenders from preventive injunctions 9-31 of the Concurso Injunction.

10.     While the Modification Order relieved Banorte from some of the injunctive measures of the Concurso Injunctions, it left in place certain injunctive measures of general applicability.


Executed in New York, New York on August 15, 2010.


                                        /s/ Jorge Sepúlveda
                                        Jorge Sepúlveda