# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | Case No. 10-14182(MG) |
| Debtor in a Foreign Proceeding. | |

## ORDER GRANTING PRELIMINARY INJUNCTION

Upon the Application for certain provisional and injunctive relief (the "Application") filed by Maru E. Johansen as foreign representative of the above-captioned debtor (the "Foreign Representative" and "Mexicana," respectively) in Mexicana's reorganization proceedings under Mexican law currently pending before the District Court for Civil Matters for The Federal District, Mexico (the "Mexico Court" and "Concurso Proceeding"); and upon this Court's review and consideration of the Application, the Foreign Representative's Declaration and the Declaration of Jaime René Guerra González; and upon consideration of prior proceedings before the Court in this Chapter 15 proceeding; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(3); and appropriate, sufficient and timely notice of the filing of the Application and the hearing thereon having been given in accordance with this Court's Order to Show Cause with Temporary Restraining Order and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the record established at such hearing; and it appearing that the relief requested in the Application is necessary and beneficial to Mexicana; and no objections or other responses to the Application having been filed that have not been overruled, withdrawn or otherwise resolved; and this Court having extended the

effectiveness and enforceability of the Temporary Restraining Order pending entry of this Order; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

1. There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Concurso Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The commencement or continuation of any action or proceeding in the United States against Mexicana should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of Mexicana's estate in the Concurso Proceeding, and such injunctive relief will either (i) not cause an undue hardship to other parties in interest or (ii) any hardship to parties is outweighed by the benefits to Mexicana of the relief requested.

3. Unless a preliminary injunction issues, there is a material risk that Mexicana's United States-based assets could be subject to efforts by creditors or other parties-in-interest in the United States to control or possess such assets, or that contract counterparties could use the Concurso Proceeding as a pretext to terminate contracts, require security, tighten credit terms or take other action against Mexicana or its U.S.-based assets.

4. Such acts could (i) interfere with and cause harm to Mexicana's efforts to administer its estate pursuant to the Concurso Proceeding and the Mexican Court's administration of the Concurso Proceeding; and (ii) undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of Mexicana's creditors. Accordingly,

---

[1] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

there is a material risk that Mexicana may suffer immediate and irreparable injury absent injunctive relief, and it is therefore necessary that the Court enter this Order.

5. The interest of the public will be served by this Court's entry of this Order.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

6. Beginning on the date of this Order and continuing until the date of entry of an order of this Court determining the Foreign Representative's request for an order recognizing the Concurso Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the foreign representative as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code):

   i     the protections of section 362 of the Bankruptcy Code shall apply to Mexicana and its assets in the United States;

   ii    the Foreign Representative is established as the representative of Mexicana with full authority to administer Mexicana's assets and affairs in the United States;

   iii   the Foreign Representative is entrusted with the administration or realization of Mexicana's assets in the United States, including, without limitation, all of Mexicana's assets that may have been transferred to parties in the United States;

   iv    all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against Mexicana's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with Mexicana's assets or agreements, rights, services and operations in the United States without (a) an order from the Mexico Court, or this Court, permitting such action or (b) the express written consent of the Foreign Representative; and

   v     all persons and entities are enjoined in the United States from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against Mexicana or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against Mexicana or its assets in the United States or the proceeds thereof without (a) an order from the Mexico Court, or this Court,

permitting such action or (b) the express written consent of the Foreign Representative.

7. Nothing contained in this Order enjoins any party from commencing or continuing any judicial, administrative or other action or proceeding outside of the United States involving Mexicana or its assets. To the extent a party obtains judicial relief from a court (a "Foreign Court") other than the Mexico Court or this Court, and wishes to obtain an order or relief from this Court arising out of the relief granted by the Foreign Court, such relief may only be granted by this Court upon prior notice to the Foreign Representative.

8. To the extent a party obtains relief from the Mexico Court with respect to injunctive relief provided in the Concurso Proceeding, such party may seek relief from the injunctive relief provided by this Court on an emergency basis.

9. The Foreign Representative and Mexicana are entitled to and are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

10. Notwithstanding the above (or the terms of any contract between the parties), each of the following providers: Flying Food Catering, Inc.; Integrated Airline Services, Inc.; Allied Aviation Fueling Company of San Antonio, Inc.; Allied Aviation Fueling Company, Inc.; Menzies Aviation (USA), Inc.; Servisair & Shell Fuel Services, LLC; Servisair USA, Inc.; and Servisair, LLC; Aircraft Service International, Inc.; and Aviation Port Services, L.L.C. (collectively, the "Providers", and each individually, a "Provider") may discontinue providing goods and/or services to Mexicana unless Mexicana complies with the following terms with respect to such Provider:

>(a) With respect to insurance coverage, Mexicana maintains its insurance coverage and other practices regarding insurance that Mexicana followed prepetition;
>
>(b) Mexicana makes payment for all postpetition goods and services rendered by such Provider so that payment is actually received by that Provider no later

than: (i) Wednesday August 25, 2010 for any invoice (for postpetition goods and services rendered) that has been delivered to Mexicana on or before August 18, 2010; or (ii) seven (7) days after receipt or deemed receipt of an invoice (for postpetition goods and services rendered) that has been delivered to Mexicana after August 18, 2010;

(c) Invoices shall, in addition to delivery to local representatives of Mexicana (in accordance with normal practice), be sent to each of the individuals identified below by: electronic mail; facsimile transmission; or hand delivery or overnight delivery service addressed to both:

> William Heuer  
> Duane Morris LLP  
> 1540 Broadway  
> New York, NY 10036-4086  
> wheuer@duanemorris.com  
> Fax: (212) 208-4521  
>
> Maritza Jendro  
> Mexicana Airlines, Accts Payable manager  
> 9841 Airport Blvd. Ste 400.  
> Los Angeles CA 90045  
> maritza.jendro@mexicana.com.mx  
> Fax: (310)646-0465

An invoice, if properly addressed, shall be deemed received by Mexicana: (i) on the date sent, if sent before 6:00 p.m. (pacific) by electronic mail or facsimile transmission, or if sent by hand delivery and actually received by Mexicana before 6:00 p.m. (Pacific); or (ii) on the following business day if sent by overnight delivery service or if delivered in accordance with the preceding romanette but having been sent or received (as applicable) after 6:00 p.m. (Pacific).

(d) Payments are to be made by Mexicana by wire transfer, or by check for good funds drawn on a bank which is a member of United States Federal Reserve System. If Mexicana elects to make payment by check to be sent by overnight delivery, it will be overnight delivery for "first morning" or "earliest next day" delivery, or something similar.

(e) If Mexicana fails to make any payment within the time specified, a Provider can give Notice of Default to Mexicana. A Notice of Default shall be in writing and shall identify or enclose a copy of any invoice for postpetition goods and/or services for which a timely payment has not been timely received. A Notice of Default must include wire transfer information for the Provider in order to be effective.

(f) Notices of Default shall be sent by two of the following methods of delivery: electronic mail; facsimile transmission; or hand delivery or overnight delivery service, addressed to each of the following:

> William Heuer  
> Duane Morris LLP  
> 1540 Broadway  
> New York, NY 10036-4086  
> wheuer@duanemorris.com  
> Fax: (212) 208-4521  
>
> Maritza Jendro  
> Mexicana Airlines, Accts Payable manager  
> 9841 Airport Blvd. Ste 400.  
> Los Angeles CA 90045  
> maritza.jendro@mexicana.com.mx  
> Fax: (310)646-0465

A Notice of Default, if properly addressed, shall be deemed received by Mexicana: (i) on the date sent, if sent before 6:00 p.m. (Pacific) by electronic mail or facsimile transmission, or if sent by hand delivery and actually received by

Mexicana before 6:00 p.m. (Pacific); (ii) on the following business day if sent by overnight delivery service or if delivered in accordance with the preceding romanette but having been sent or received (as applicable) after 6:00 p.m. (Pacific).

(g) If a payment is still not received by Provider by the second business day after a Notice of Default has been received or deemed received by Mexicana (by way of example if Notice of Default is sent by electronic mail and fax on a Tuesday (such that it is sent before 6:00 p.m. (Pacific)) the time to cure the default expires on Thursday), Provider may discontinue providing goods and/or services to Mexicana without any further notice. If a check is received by the Provider on the second day after a Notice of Default has been received or deemed received by Mexicana, that shall constitute payment sufficient to cure the payment default. Nothing herein precludes Mexicana or any Provider from seeking other relief from the Court prior to the expiration of the time to cure a default.

(h) Notwithstanding anything herein to the contrary or the terms of any contract between the parties, if any payment by Mexicana to a Provider is not honored by Mexicana's bank, such Provider may immediately discontinue providing goods and/or services to Mexicana without any further notice or opportunity to cure.

(i) If the Debtor complies with these requirements, it has provided "sufficient protection" to the parties noted above in accordance with 11 U.S.C. § 1522(a).

11. Nothing herein prohibits Mexicana from remitting fees and taxes, as may be required by government or agency regulations, statutes or rules, that are not property of the estate. Mexicana recognizes its obligation to comply with such requirements. Mexicana has confirmed to the Court that Mexicana recognizes and will timely fulfill all of its obligations to comply with all statutes, regulations and rules of the United States and its agencies applicable to Mexicana including, without limitation, its obligations to remit fees and taxes (that are not property of the estate), and specifically including its obligation to segregate and timely remit passenger facility charges to airports within the territorial jurisdiction of the United States.

12. The Foreign Representative having confirmed that the Debtor intends to perform the Debtor's obligations under the Debtor's interline agreements, clearinghouse agreements and billing and settlement agreements administered by the International Air Transport Association ("IATA"), the IATA Clearing House, the Airlines Clearing House, Inc. ("ACH") and Universal Air Travel Plan, Inc. (collectively, the "Industry Agreements"), the Debtor and the Foreign

6

Representative, as the case may be, are authorized to perform in accordance with the Industry Agreements, including without limitation (i) to honor and pay outstanding prepetition and postpetition claims arising in the ordinary course of business under the Industry Agreements, and (ii) to process customary payments and transfers and to honor customary transfer requests made by the Debtor and other participants pursuant to the Industry Agreements. Notwithstanding anything to the contrary contained in this Order or the Court's August 2, 2010 Order to Show Cause with Temporary Restraining Order, as amended, the provisions of sections 362 and 1520 of the United States Bankruptcy Code are hereby modified, *nunc pro tunc* to August 2, 2010, solely to the extent necessary to permit performance of, and under, the Industry Agreements by the Debtor and other parties to such agreements and by financial institutions involved in implementing such agreements.

13. This injunction shall not apply to or enjoin Banco Mercantil del Norte, S.A. ("Banorte") from exercising rights and remedies against Mexicana's U.S.-based assets arising under agreements between the parties including, without limitation, (i) that certain Credit Agreement dated April 17, 2008 among Banorte, Mexicana, as an obligor, and certain non-debtor affiliates of Mexicana parties thereto (as amended from time to time, and, together with all documents, papers and instruments related thereto, the "Credit Agreement"), (ii) that certain Deposit Account Security Agreement dated June 16, 2008 among Inter National Bank ("INB"), as collateral agent, Mexicana and Aerovias Caribe, S.A. de C.V., as grantors (as amended from time to time, and, together with all documents, papers and instruments related thereto, the "Security Agreement") and (iii) that certain Collateral Agency Agreement dated June 16, 2008 between Banorte and INB (as amended from time to time, and, together with all documents, papers and instruments related thereto, the "Agency Agreement" and, together with the Credit Agreement and the Security Agreement, the "Banorte Agreements"). Consistent with this

paragraph, INB shall remain subject to this Order, except to the extent acting on instructions given to it by Banorte consistent with the Banorte Agreements. Nothing in this Order is intended to relieve any party's obligation to perform (i) that certain Agreement between U.S. Bank National Association and Mexicana dated June 12, 2002 (as amended from time to time, the "USB Agreement") and (ii) that certain Terms and Conditions for Worldwide Acceptance of the American Express Card By Airlines among Mexicana and Aerovias Caribe, S.A. de C.V., Grupo Mexicana de Aviacion, S.A. de C.V. and American Express Travel Related Services Company Inc. dated May 10, 2006 (as amended from time to time, the "Amex Agreement" and, together with the USB Agreement, the "Credit Card Funding Agreements") in accordance with their terms.

14. Nothing in this Order, the Court's August 2, 2010 Order to Show Cause with Temporary Restraining Order, as amended, or in Bankruptcy Code section 362, including, without limitation, any injunctions set forth herein or therein shall enjoin, prevent or limit in any manner whatsoever the parties identified on Schedule A hereto or any other parties related thereto (as relates to the assets identified on Schedule A hereto) from exercising any of their rights or remedies with respect to the assets identified on Schedule A hereto.

15. The objections of (i) Wells Fargo Bank Northwest, N.A., not in its individual capacity but solely as owner trustee, and Marco Aircraft Leasing Limited and AeroTurbine, Inc. [Docket No. 15] (solely as relates to (a) certain spare parts and (b) two engines owned by Aeroturbine, Inc. in the Debtor's possession), and (ii) C.I.T Leasing Corporation, CIT Aerospace International, Wells Fargo Bank Northwest, N.A., not in its individual capacity but solely as owner trustee, and Marco Aircraft Leasing Ltd., Wilmington Trust SP Services (Dublin) Limited, not in its individual capacity by solely as Trustee [Docket No. 76], are adjourned as per agreement among the parties and shall be heard, if necessary, on a date to be determined by the

Court. Any objection of Rolls-Royce Plc to the relief sought in the Application may be scheduled and determined by the Court at a later date. Pending any such hearing(s), the provisions of this Order apply to the parties identified in this paragraph.

16. The Application and request for injunctive relief is denied with respect to EAST Trust-Sub 12, without prejudice.

17. Pursuant to Rule 65(b) the Federal Rules of Civil Procedure, made applicable to this Chapter 15 proceeding pursuant to Bankruptcy Rule 7065, no additional notice to any person is required prior to entry and issuance of this Order.

18. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

19. This Order shall be served by first class mail on: (a) the Office of the United States Trustee: (b) the Federal Aviation Administration; (c) the Federal Transit Administration; (d) United States Department of Justice; (e) the depository institutions for Mexicana's U.S.-based depository receipts; (f) the administrative agents and lenders for Mexicana's prepetition credit facilities; (g) Mexicana's aircraft and spare engine lessors; (h) all U.S. airport authorities at which Mexicana has operations; (i) Mexicana's U.S.-based real property lessors; (j) all third parties providing services to Mexicana in the United States; and (k) all parties that file notices of appearance in this Chapter 15 proceeding pursuant to Bankruptcy Rule 2002.

20. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, Mexicana and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

21. The banks and financial institutions with which Mexicana maintains U.S.-based bank accounts or on which checks are drawn or electronic payment requests made in payment of

prepetition or postpetition obligations are authorized and directed to continue to service and administer Mexicana's bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on Mexicana's bank accounts by the respective holders and makers thereof and at the direction of the Foreign Representative or Mexicana, as the case may be.

22. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

23. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 proceeding, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York　　　　　　　　　　　　　/s/Martin Glenn
**August 18, 2010**

　　　　　　　　　　　　　　　　　　　　　　Hon. Martin Glenn
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge