DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
William C. Heuer, Esq.
William H. Schrag, Esq.
*wheuer@duanemorris.com*
*wschrag@duanemorris.com*

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| COMPANIA MEXICANA DE AVIACION, S.A. de C.V., | Case No. 10-14182 (MG) |
| Debtor in a Foreign Proceeding. | |

**(I) SUPPLEMENTAL DISCLOSURE BY MARU E. JOHANSEN PURSUANT TO 11 U.S.C. § 1518 AND (II) REQUEST FOR BRIEF ADJOURNMENT OF HEARING ON APPLICACTION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING**

**I.     Supplemental Disclosure:**

I, Maru E. Johansen, through my undersigned counsel, hereby submit this supplemental disclosure (the "Disclosure") in accordance with the requirements section 1518 of the Bankruptcy Code.[1]

1.     I have been advised by Mexicana's legal team in Mexico that on Tuesday, September 7, 2010, the Mexico Court overseeing the Concurso Proceeding entered an order in the Concurso Proceeding approving the Concurso Petition and moving Mexicana's Concurso Proceeding into the "conciliation" or reorganization phase of that case. As soon as I am able to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Petition and in my original Declaration, filed with the Court on August 2, 2010.

obtain a copy of the September 7, 2010 order approving the Concurso Petition, I will provide it to the Court through a subsequent section 1518 filing.

2. I have also been advised that on September 7, 2010, the Mexico Court ordered that a "Conciliator" be appointed in the Concurso Proceeding. I have been advised that the Conciliator will be appointed by the Mexican Ministry of Transport and Communications within the next five (5) days. I will provide information regarding the identity of the Conciliator as soon as it becomes known to me.

3. Because Mexicana operates under a "concession title" from the Mexican Ministry of Transport and Communications, the Government of Mexico is also empowered to formally participate in the reorganization process through the appointment of an Administrator, who, if appointed, will work with the Conciliator to effect a restructuring of the company. *See* Declaration of Jaime Rene Guerra Gonzales, submitted in support of the Foreign Representatives' request for recognition [Docket No. 4 (Aug. 2, 2010)], at ¶¶ 22-29. I am not yet certain of the identity or appointment of an Administrator. I will provide this information as soon as it becomes known to me.

## II. Request For Brief Adjournment:

4. As is noted in the application seeking recognition of the Concurso Proceeding as a "foreign main" proceeding, and in my declaration in support of that application, I was appointed to serve as Mexicana's foreign representative by Mexicana's Board of Directors, shortly before the Concurso Proceeding and this Chapter 15 proceeding were commenced.

5. Bearing in mind not only the pending appointment of the Conciliator, but also the possible appointment of an Administrator and the involvement of the Mexican Ministry of Transport and Communications, the Foreign Representative respectfully requests a brief adjournment of the hearing on recognition for a period of one (1) to two (2) weeks. During that

period of time, the Foreign Representative will confer with the Conciliator and Administrator regarding the current status of operations and legal proceedings in the United States, as well as to determine whether the Conciliator and Administrator would like the Foreign Representative to continue serving as Mexicana's representative here in the United States (or whether a successor foreign representative will be appointed).

6. In making this request for a brief adjournment, the Foreign Representative recognizes that a number of objections were filed to the request for recognition. None of those objections sought to have "recognition" denied; rather, those objections sought carve-outs, terms for "sufficient protection" and clarifications through the terms of a revised proposed order granting recognition. The Foreign Representative believes that all but one of those objections has been or will be resolved by the inclusion of additional language in the proposed order granting recognition.

7. Several objections were filed by some of Mexicana's aircraft and spare engine lessors. Those objections sought "carve-outs" from injunctive relief similar to those previously included in the Court's order granting preliminary injunctive relief. Mexicana will provide carve-outs in its proposed order granting recognition in favor of its lessors, consistent with prior agreements among the parties and orders of the Court.

8. Several objections were filed by Mexicana's U.S.-based airports. In substance, those objections sought a ruling regarding what constitutes "sufficient protection" of the airports' interests, and terms for the payment of postpetition amounts due by Mexicana. Mexicana has had productive discussions with its airports and is pleased to inform the Court that it has reached agreement with those airports that filed objections to include specific terms in its proposed order granting recognition to satisfy the airports' concerns, with the airports' reserving all rights to

seek relief respecting concerns raised through their objections but not resolved by the proposed order pending the parties' further deliberations.

9. An objection was filed by RBS Aerospace Limited, which was in the nature of seeking clarification that Mexicana is not seeking, through the order granting recognition, to have the Court enforce orders entered in the Concurso Proceeding (the "**RBS Objection**"). Counsel to RBS Aerospace Limited has advised the undersigned counsel that the RBS Objection is withdrawn, and that the undersigned counsel is authorized to advise the Court of this development.

10. The Office of the United States Attorney filed a brief objection seeking language clarifying Mexicana's obligations under federal law. Mexicana has included additional language, as requested by the United States Attorney's Office, to satisfy the United States Attorney's concerns.

11. The only remaining objection to recognition was filed by Banorte, Mexicana's secured lender. Banorte's objection seeks protections in the nature of "adequate protection," and seeks other, related relief. Mexicana is unable to resolve Banorte's objection at this time.

12. Having resolved all but one objection, and with the intervening occurrence of the appointment of the (i) Conciliator and (ii) Administrator, and bearing in mind the role of the Mexican Ministry of Transport and Communications, the Foreign Representative respectfully requests a brief adjournment to enable the Foreign Representative to confer with the Conciliator, Administrator and Mexican Ministry of Transport and Communications, and to either (i) confirm that she will continue as Mexicana's foreign representative in this Chapter 15 proceeding or (ii) find a successor foreign representative.

**Conclusion**

Based upon the foregoing, the Foreign Representative respectfully requests that the Court grant a brief one (1) to two (2) week adjournment of the hearing on the Foreign Representative's application for recognition of a foreign main proceeding, presently scheduled for September 8, 2010, or grant such other and further relief as the Court deems necessary or appropriate.

Dated: New York, New York
September 7, 2010

**DUANE MORRIS LLP**

  /s/William C. Heuer
William C. Heuer, Esq.
William H. Schrag, Esq.
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
*wheuer@duanemorris.com*
*wschrag@duanemorris.com*

*Counsel to the Foreign Representative*

Edward J. LoBello, Esq.
Alan E. Marder, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0026
Telephone (212) 763-7030
Fax (516) 763-7031
*Conflicts Counsel to the Foreign Representative*