DUANE MORRIS LLP
William C. Heuer
William H. Schrag
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
wheuer@duanemorris.com
*Attorneys for the Foreign Representative*

LINKLATERS LLP
Martin N. Flics
Paul S. Hessler
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
paul.hessler@linklaters.com
*Attorneys for Banco Mercantil Del Norte, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

*In re*

COMPANIA MEXICANA DE AVIACION, S.A. de C.V.,

　　　　　　Debtor in a Foreign Proceeding.

Chapter 15

Case No. 10-14182 (MG)

---------------------------------------------------------------x

## **STIPULATION AND ORDER**

　　　　Maru E. Johansen, in her capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtor ("**Mexicana**"), whose voluntary corporate reorganization proceedings under the laws of Mexico currently are pending before the District Court for Civil Matters for The Federal District, Mexico (the "**Mexican Court**" and "**Concurso Proceeding**"), and Banco Mercantil Del Norte, S.A. ("**Banorte**"), each through its undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

A.To effectuate a restructuring of its business and financial affairs, on August 2, 2010, Mexicana voluntarily filed a petition for commencement of a corporate reorganization proceeding under Mexico's Ley de Concursos Mercantiles (the "**Concurso Proceeding**") before the Mexican Court. In connection with the commencement of the Concurso Proceeding, Mexicana's Board of Directors appointed the Foreign Representative and specifically authorized the Foreign Representative to seek relief in this Court under Chapter 15 of Title 11 of the United States Code (the "**Bankruptcy Code**").

B.On the same date, the Foreign Representative filed a Verified Petition for Recognition of Foreign Main Proceeding and Request for Chapter 15 Relief with this Court on behalf of Mexicana (the "**Petition**"), pursuant to Sections 1515, 1517 and 1520 of Title 11 of the Bankruptcy Code. On the same date, by separate motion, Mexicana requested that this Court enter a temporary restraining order and preliminary injunctive relief in this proceeding (the "**Proceeding**"), pending the hearing on recognition sought in the Petition.

C.On August 18, 2010, this Court entered an order granting the request for preliminary injunction (the "**Injunctive Order**"), which Injunctive Order, by its terms, remains in effect pending this Court's determination with respect to the relief sought in the Petition. As of the date hereof, the Petition is still pending before this Court. Banorte was expressly carved out from the Injunctive Order.

D.Mexicana is an obligor under the terms of a Credit Agreement with Banorte, dated as of April 17, 2008 (the "**Credit Agreement**"), pursuant to which Mexicana and affiliated non-debtor companies are indebted to Banorte in the approximate amount of $1,572,420,000 (Mexican Pesos). The Credit Agreement is the primary financing vehicle on which Mexicana has relied in the past.

E.	The Credit Agreement is collateralized through the grant of a security interest to Banorte. That security interest includes deposit accounts in which "cash collateral" is deposited. For purposes of this Stipulation, "Cash Collateral" shall consist of all cash collateral (as defined in section 363(a) of the Bankruptcy Code), as described in the Security Agreement, including deposit account nº 0664812 ref: U.S. Bank National Association (together, the "**Collateral Account**"), including all cash deposited in the foregoing Collateral Account. The Collateral Account is in Mexicana's name at Inter National Bank ("**INB**"), which acts as collateral agent (the "**Collateral Agent**") for the benefit of Banorte with respect to repayment of all obligations under the Credit Agreement. The security interest, and the role of the Collateral Agent, are detailed in a Deposit Account Security Agreement dated as of June 16, 2008 (the "**Security Agreement**").

F.	Banorte has filed an objection (the "**Objection**") to the relief sought in the Petition.

G.	Mexicana, through the Foreign Representative, and Banorte enter into this Stipulation to resolve Banorte's Objection.

## STIPULATION AND ORDER

1.	This agreement shall become effective upon this Stipulation being "So Ordered" by this Court.

2.	Mexicana shall continue to perform that certain Agreement between U.S. Bank National Association and Mexicana dated June 12, 2002 (as amended from time to time, the "USB Agreement") in accordance with its terms.

3.	Mexicana shall continue to honor the Security Agreement according to its terms. Proceeds of the USB Agreement shall continue to be deposited in the Collateral Account.

4. Mexicana may only use Cash Collateral from the Collateral Account with Banorte's consent, and Banorte must expressly consent, in writing, to any withdrawal of Cash Collateral by Mexicana from the Collateral Accounts. Any request by Mexicana for Banorte's consent to the use of cash collateral from the Collateral Account must be made in writing and must provide at least one full business day to consider Mexicana's request.

5. With respect to the first approximately $23.4 million released by U.S. Bank and deposited in the Collateral Accounts, Mexicana and Banorte will jointly instruct INB to disburse such funds as follows upon receipt:

    a) a total of **$9.5 million** to be paid to satisfy (i) certain post-petition airport fees owed to the airports identified in Exhibit A hereto; (ii) certain tax and fee obligations identified on Exhibit A hereto owing to the United States of America, including (but not limited to) amounts owed to the Transportation Security Administration, U.S. Treasury, Federal Aviation Administration, U.S. Customs and Border Protection, U.S. Department of Agriculture, and U.S. Department of Transportation; and (iii) restructuring and other postpetition expenses and fees identified by Mexicana. Mexicana will provide Banorte detail regarding each of the individual payments to be made pursuant to the categories detailed above which shall be sufficient to satisfy the amounts owed to each such creditor in full through October 31, 2010. Mexicana represents and warrants that the taxes, fees and expenses it pays pursuant to this Paragraph 5(a) are true and correct and that to the best of its knowledge and information it owes no amounts to any U.S. airports, or for any passenger-related U.S. tax and fee obligations (other than passenger facility charges) owed to the United States that are not identified on Exhibit A hereto.

    b) **The remainder** to an account identified by Banorte.

6. Banorte agrees that Mexicana's outstanding obligations to Banorte under the Credit Agreement will be reduced by an amount equal to any amounts that Banorte receives from the Collateral Account pursuant to the terms of this Stipulation, as described above.

7. Mexicana waives any and all claims, rights and causes of action, under any state, federal or other law of the United States or Mexico, to any funds that Banorte receives pursuant

to this Stipulation, and will not seek to recover, claw back or in any way retrieve such funds, either in the United States or in Mexico. For the avoidance of doubt, Mexicana waives any rights it may have to seek to recover such funds recovered pursuant to the terms of this Stipulation under any theory, including under any avoidance theory provided under Sections 544, 545, 547, 548, 549 or 553 of the Bankruptcy Code or any other state, federal or other law of the United States or Mexico.

8. Upon this Court's approval of this Stipulation and Order (in form and substance satisfactory to the Parties hereto), Banorte shall withdraw its Objection.

9. Notwithstanding paragraph 7 above, this Stipulation does not address any amounts previously recovered by Banorte.

10. The relief provided herein shall be incorporated into any order that might be entered granting recognition of the Concurso Proceeding.

11. The Parties agree that this Stipulation and the agreements set forth herein shall not be modified or amended without the prior written consent of all parties hereto.

12. The Parties agree that Exhibit A hereto may be amended or revised, without need for a further order of this Court, if the Parties agree to such amendment or revision, in writing.

13. Mexicana agrees to immediately request that this Court expeditiously approve and "so order" this Stipulation. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation shall be effective immediately upon its being So Ordered by this Court.

14. This Stipulation may be signed in counterpart originals or by facsimile or electronic signature, which together shall constitute one and the same instrument. This Stipulation is the entire agreement between the Parties in respect of the subject matter hereof.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation or enforcement of this Stipulation.

**WHEREFORE**, the Parties to this Stipulation respectfully request that this Court enter an order authorizing the relief set forth herein.

Dated: November 8, 2010
      New York, New York

Respectfully submitted,

DUANE MORRIS LLP
*Attorneys for the Foreign Representative*

By:    William C. Heuer
        William C. Heuer
1540 Broadway
New York, NY 10036-4085
Telephone: (212) 309-6000
Facsimile: (212) 692-1020
wheuer@duanemorris.com
*Attorneys for the Foreign Representative*

LINKLATERS LLP
*Attorneys for Banco Mercantil Del Norte, S.A.*

By:    Paul S. Hessler
        Paul S. Hessler
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
paul.hessler@linklaters.com


It is Hereby So Ordered:

Dated: November 8, 2010
      New York, New York

                                        **/s/Martin Glenn**
                                           MARTIN GLENN
                                 United States Bankruptcy Judge

# Exhibit A

# (Payments to be made by INB pursuant to Paragraph 5(a) of Stipulation and Order)

| **Payee** |
|---|
| San Francisco Airport |
| Chicago Airport |
| Los Angeles Airport |
| San Antonio Airport |
| Las Vegas Airport |
| Metropolitan Washington Airport |
| Miami Airport |
| JFK Airport |
| City of San Jose |
| Dallas Ft. Worth International Airport |
| Denver International Airport |
| Greater Orlando Aviation Authority |
| Port of Oakland |
| Sacramento County Airport System |
| Fresno Yosemite Int'l Airport |
| U.S. Treasury |
| Transportation Security Administration |
| Federal Aviation Administration |
| U.S. Customs and Border Protection |
| U.S. Department of Agriculture |
| U.S. Department of Transportation |